382 So.2d 1376 (1980)
Marc SKORMAN, Petitioner,
v.
HOVNANIAN OF FLORIDA, INC., Respondent.
No. 79-2575.
District Court of Appeal of Florida, Fourth District.
May 7, 1980.
*1377 Richard B. Burk, of Scott, Burk, Royce & Harris, P.A., Palm Beach, for petitioner.
Thomas E. Kingcade, of Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, P.A., Palm Beach, for respondent.
DOWNEY, Judge.
Petitioner Marc[1] Skorman seeks review by Petition for Writ of Certiorari of an order of the trial court dated November 28, 1979, requiring petitioner to produce copies of all correspondence between petitioner and his attorneys pertaining to the purchase of certain property and the good faith deposit which was put into escrow. Reference is made to certain interrogatories; however, the orders of November 29, 1979, and December 19, 1979, under review relate only to respondent's motion to produce.
The petitioner alleges that the parties entered into an agreement for purchase and sale of certain property pursuant to which the purchaser deposited the sum of $40,000 as good faith money with the law firm of Boose & Ciklin. The latter firm of attorneys represented petitioner in the transaction. The agreement, it is alleged, was subject to certain contingencies. When the contingencies failed to occur the deposit was returned to petitioner by the law firm of Boose & Ciklin pursuant to the agreement, and eventually this litigation ensued.
Respondent filed a motion requesting petitioner to produce, among other things:
"Copies of any and all correspondence between Marc Skorman and William Boose, III and/or Alan J. Ciklin pertaining to the purchase of this property or the good faith deposit which was put into escrow."
Petitioner's objection thereto was overruled and petitioner seeks review by Petition for Writ of Certiorari because he contends the correspondence referred to constituted privileged communications between attorney and client.
After receiving respondent's response to the petition we issued an order relinquishing jurisdiction to the trial court for an in camera inspection of any correspondence between petitioner and his attorneys pertaining to the subject property or the escrow deposit for the purpose of determining whether the correspondence in question, or any of it, is privileged. The matter is now before us on petition to rehear that order. Petitioner contends no in camera inspection should be made, but if one is inevitable it should be made by a judge other than the one presiding over this case in order not to prejudice the resolution of the issues involved herein. We have granted the petition for rehearing in order to treat what we consider to be the focal question involved; i.e., whether the correspondence which respondent seeks to have produced falls within the protection of the attorney-client privilege and is thus immune from discovery.
Of course, not all communications between lawyer and client are privileged. According to Wigmore, the privilege attaches
"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." 8 Wigmore, Evidence § 2292 (McNaughton rev. 1961)
Another definition of the privilege is contained in N.L.R.B. v. Harvey, 349 F.2d 900 (4th Cir.1965), wherein the court stated:
"`The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the *1378 purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.'" 349 F.2d at 904.
A review of the cases on the subject makes it clear that if a communication with a lawyer is not made with him in his professional capacity as a lawyer, no privilege attaches. Pollock v. U.S., 202 F.2d 281 (5th Cir.1954), cert. denied, 345 U.S. 993, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953); Olender v. U.S., 210 F.2d 795 (9th Cir.1954), cert. denied, 352 U.S. 982, 77 S.Ct. 382, 1 L.Ed.2d 365 (1957); 8 Am.Jur.2d, Witnesses § 182. Thus, where a lawyer is engaged to advise a person as to business matters as opposed to legal matters, or when he is employed to act simply as an agent to perform some non-legal activity for a client the authorities uniformly hold there is no privilege. In Pollock, supra, the government called a lawyer as a witness to adduce proof of a taxpayer's net worth. The lawyer objected to testifying on the grounds of privilege because the taxpayer was his client. The objection was overruled because the inquiry was restricted to showing certain acts in which the client deposited monies with the lawyer which were eventually used for making real estate investments. As that court put it, the lawyer was not acting in his professional capacity; his function was no different than it would have been if he were a broker or a banker.
In the present case Boose & Ciklin represented petitioner in this real estate transaction, including the preparation of the agreement between the parties. Boose & Ciklin were to hold the earnest money deposit in their trust account for disposition pursuant to the agreement, an ancillary function frequently performed by lawyers in the representation of their clients. Regardless of their acting as escrowee of the deposit money, the law firm continued to represent the petitioner and correspondence between them and their client which would ordinarily fall within the purview of the privilege should be none the less privileged because of the performance of that additional function. We believe such a conclusion is supported by the decision of the Supreme Court of Florida in Dominguez v. The Citizens Bank & Trust Company, 62 Fla. 148, 56 So. 682 (1911). In that case Dominguez sued The Citizens Bank and recovered a judgment. The bank assigned as error the refusal of the trial court to allow E.R. Gunby, a lawyer, to testify about communications between him and Dominguez when the latter consulted with him about his claim against the bank. Although Gunby was at that time Dominguez' attorney, he advised Dominguez that he could not represent him in that case because he was also attorney for the bank. However, he offered to endeavor to obtain a settlement of the matter between them. Dominguez brought his books to Gunby's office where Gunby reviewed them and attempted to advise Dominguez. When called as a witness by the bank, Gunby objected to testifying to any communications between Dominguez and him as being privileged. The court held:
"It is doubtless the law that, where an attorney represents both or all the parties in a transaction, conversations and transactions between such parties in the presence of the attorney and each other are not privileged conversations, but such attorney may be required to testify to such conversations and communications; but we think the better rule is that where the facts are such as they here appear to be, viz., that plaintiff went alone to see Mr. Gunby, as he says he did, because he was his retained attorney, and made statements to him in the absence of the other party, and which were apparently confidential, the trial judge committed no error in refusing to allow Mr. Gunby to testify." 56 So. at 683.
We therefore conclude that any correspondence between petitioner and his lawyers relative to this transaction which is privileged under the principles heretofore discussed should not be produced. As this matter was presented to the trial court we can conceive of no way the trial judge could determine whether all or any of the correspondence referred to was privileged. He *1379 had no knowledge of the contents thereof. Thus, as a practical matter it seems to us that an in camera inspection should be held by the trial judge to determine whether some or all of the correspondence in question is privileged and thus not subject to the motion to produce. We reject the suggestion that the in camera inspection should be made by a trial judge other than the one presiding over this case. Such an inspection should have no more effect on the judge presiding over this case than, for example, a proffer of excluded evidence.
In view of the foregoing our order of March 17, 1980, is vacated, the orders of the trial court being reviewed are quashed, and the cause is remanded to the trial court with directions to hold an in camera inspection of the correspondence in question and thereafter enter such order on the motion to compel production as is appropriate.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Throughout this record the petitioner's name is spelled both Marc and Mark.