PER CURIAM.
We grant the petition for writ of certio-rari and quash the trial court’s order denying the motion for protective order filed by subpoenaed witnesses David Ethridge and records custodian of Boca Raton Hotel to the extent that it compels the production of materials protected by the work product privilege. From the hearing transcript it appears that the trial court denied the motion based on respondent Ford’s argument that a non-party witness could not assert a work product privilege. On this petition, Ford has abandoned that position and now maintains a position consistent with peti *219 tioner that the work product privilege would apply.
Since the trial court did not conduct a further in camera hearing as to which documents were properly work product, see Cotton States Mut. Ins. Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), we remand for further proceedings. Upon remand the trial court should adopt procedures to narrow down which documents are claimed to constitute work product. These may include requiring petitioner to list all documents to be produced and to designate which ones are being claimed as privileged. Such a procedure would put the burden of proof where it belongs — on petitioner rather than the trial court who does not need to spend precious trial court time wading through documents upon which no privilege is claimed.
GLICKSTEIN, GUNTHER and WARNER, JJ., concur.