647 So.2d 916 (1994)
OLD STONE BANK, a Federal Savings Bank, Petitioner,
v.
James G. FARRIS, et al., Respondents.
No. 94-1883.
District Court of Appeal of Florida, Fourth District.
November 30, 1994.
Rehearing and Clarification Denied January 26, 1995.
*917 Reginald J. Clyne, Williams & Clyne, P.A., Coral Gables, for petitioner.
Thomas G. Groendyke, Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for respondents.
Rehearing En Banc and Clarification Denied January 26, 1995.
STONE, Judge.
We grant the petition for writ of certiorari and quash an order compelling production of documents purportedly protected by attorney-client and work product privileges.
An attorney representing Old Stone Bank, Oliver, sent a memorandum regarding a loan transaction to the bank. The matter ultimately resulted in this litigation and the Oliver memorandum was voluntarily disclosed during discovery.
Respondent then filed a notice of deposition and a subpoena for production of documents seeking law firm records, including correspondence between the attorney and his client and all of his notes in connection with the loan transaction. Old Stone bank moved for a protective order asserting attorney-client and work product privileges. The trial court required the production.
The parties have not clearly delineated between the attorney-client and work product privileges that are involved. Respondent asserts that work product was not involved because the subpoena sought only transactional, not litigation, files and that disclosure of the Oliver memorandum had waived any privilege. The bank argues that the documents are privileged and that the disclosure of the one document does not waive all privileges as to others. See generally § 90.502, Fla. Stat. (1989); Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1380 (Fla. 1994).
We conclude that production of the Oliver memorandum did not waive the attorney-client privilege as to other similarly privileged communications. The fact that privileged communications occur in the course of a transaction which is later litigated does not eliminate the attorney-client privilege. Cuillo v. Cuillo, 621 So.2d 460 (Fla. 4th DCA 1993); Skorman v. Hovnanian of Florida, Inc., 382 So.2d 1376 (Fla. 4th DCA 1980); Florida Mining & Materials Corp. v. Continental Cas. Co., 556 So.2d 518 (Fla. 2d DCA 1990). The disclosed memorandum does not discuss all of the details surrounding the loan and letter of credit that may be found in the other correspondence and memoranda otherwise protected by an attorney-client privilege. Therefore, this case differs from Hamilton v. Hamilton Steel Corp., 409 So.2d 1111 (Fla. 4th DCA 1982), where waiver was based on the attorney's voluntary disclosure of the entire settlement.
*918 With regard to the work product claim, Old Stone Bank has offered no evidence in support of its argument that the documents were prepared in anticipation of litigation. Therefore, we cannot say that the trial court's ruling as it pertains to the assertion of the work product privilege was a departure from the essential requirements of law.
We grant the petition based on the assertion of attorney-client privilege and remand for in-camera review to determine which documents are protected by attorney-client privilege in accordance with Skorman.
DELL, C.J., and PARIENTE, J., concur.