PER CURIAM.
Petitioner raises a number of grounds on which to grant a petition for certiorari, two of which require that we grant the relief requested, in part. The trial court failed to conduct an in camera hearing to determine if the materials being sought were protected by the attorney-client privilege. Accordingly, we quash its order and remand for in camera review to determine which documents are protected by the privilege. Old Stone Bank v. Farris, 647 So.2d 916 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995).
Similarly, because of the absence of any hearing upon the question of work product privilege we further remand to determine same; and if privileged, to make a determination of need and inability to obtain substantial equivalent without undue hardship. Alachua Gen. Hosp., Inc. v. Zimmer USA Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); see also Healthtrust, Inc. v. Saunders, 651 So.2d 188 (Fla. 4th DCA 1995); Boca Raton Hotel & Club v. Dunn, 563 So.2d 218 (Fla. 4th DCA 1990); Cotton States Mut. Ins. Co. v. Turtle Reef Assoc., Inc., 444 So.2d 595 (Fla. 4th DCA 1984).
As to the balance of petitioner’s arguments, we deny relief.
GUNTHER, C.J., and GLICKSTEIN and STONE, JJ., concur.