PER CURIAM.
Petitioner, Dismas Charities, Inc., seeks certiorari review of a non-final order that granted in part and denied in part petitioner’s objections to the production of certain documents. Petitioner contends that the order should be quashed because the trial court did not make findings in support of its denial of petitioner’s work product objections to the production of the documents. Petitioner also argues that the trial court failed to conduct an eviden-tiary hearing on the work product objections. This argument is not preserved because petitioner failed to request such a hearing in the trial court.
After an in-camera inspection of the documents the trial court found that three of the documents were “privileged attorney-client communications.” However, the trial court denied petitioner’s claims of work product privilege as to the remaining documents. We find merit in petitioner’s argument that the order should be quashed because the trial court failed to make any findings in support of its denial of petitioner’s work product objections. This court has held that such findings are necessary to facilitate a meaningful review of the trial court’s reasons for denying work product objections. See Aetna Ins. Co. v. Koganovsky, 661 So.2d 418 (Fla. 4th DCA 1995); Cotton States Mut. Ins. Co. v. Turtle Reef Assoc., Inc., 444 So.2d 595 (Fla. 4th DCA 1984); Waste Mgmt. of Fla. v. S. Bell Tel. & Tel. Co., 544 So.2d 1133 (Fla. 4th DCA 1989); Selected Risks Ins. Co. v. White, 447 So.2d 455 (Fla. 4th DCA 1984).
Accordingly, we grant certiorari review and quash that part of the trial court’s order denying petitioner’s work product objections. We remand with instructions to the trial court to reconsider the work product objections and to make particularized findings in support of its determination of which of the documents are, or are not, subject to the work product privilege. The trial court may, upon appropriate motion, conduct such hearings as may be necessary to determine whether the documents are subject to the work product privilege. See Florida Power & Light v. Guettler, 589 So.2d 985 (Fla. 4th DCA 1991).
CERTIORARI GRANTED.
DELL, FARMER and GROSS, JJ., concur.