DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOMEOWNERS CHOICE PROPERTY & CASUALTY INSURANCE COMPANY,**
Petitioner,

v.

**MICHAEL MAHADY** and **NICOLE MAHADY,**
Respondents.

No. 4D19-142

[August 21, 2019]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit; David E. French, Judge; L.T. Case No. 502018CA008010XXXXMB.

David J. Salmon and Karl A. Forrest of Groelle & Salmon, P.A., Tampa, for petitioner.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale and Michael D. Kaplan of Kaplan Law Group, Hollywood, for respondents.

FORST, J.

Homeowners Choice Property & Casualty Insurance Company ("Insurer") petitions for a writ of certiorari to quash an interlocutory order requiring discovery of documents in its underwriting and claims files. Insurer argues that the discovery is protected work product or irrelevant, or both. We have jurisdiction pursuant to Florida Rule of Appellate Procedure Rule 9.030(b)(2)(A) and grant the petition.

**Background**

Michael and Nicole Mahady ("Insureds") had a homeowner's insurance policy issued by Insurer. After Insureds suffered damage to their home as a result of Hurricane Irma, they notified Insurer and it opened a claim. Insurer subsequently issued payment towards Insureds' claim for dwelling damages, and later tendered supplemental payment for mold and additional dwelling damages.

Insureds then sued Insurer for breach of contract, alleging that the above payments were insufficient and failed to cover all damages. Insurer admitted that it issued the policy, received notice of the loss, and issued a claim number. Insurer asserted a variety of affirmative defenses, which the Insureds denied. Thereafter, Insureds requested production of documents and answers to interrogatories. Insurer produced many documents, but objected to others, arguing that the requests were work product, irrelevant, or both. Insurer did not file a privilege log.

Following a non-evidentiary hearing, the trial court issued its order which overruled Insurer's objections to certain interrogatories and production requests, leaving six discovery requests at issue in the instant petition. Two involve the underwriting file and the remaining four involve the claims file. The trial court summarily overruled the two objections concerning the underwriting file. In overruling the remaining four production requests, the court commented that these were "overruled to the extent that [I]nsurer must produce all documents up until the time the subject claim was denied."

Insurer now petitions for a writ of certiorari to quash the order requiring discovery of documents in its underwriting and claims files.

## Analysis

To obtain a writ of certiorari, the petitioner must establish that the discovery order was a departure from the essential requirements of law resulting in a material injury that will affect the remainder of the proceedings below and the injury cannot be corrected on appeal. *Allstate Ins. Co. v. Langston,* 655 So. 2d 91, 94-95 (Fla. 1995).

The trial court denied Insurer's claims of work product privilege without making any supporting findings. We have held that "such findings are necessary to facilitate a meaningful review of the trial court's reasons for denying work product objections." *Dismas Charities, Inc. v. Dabbs*, 795 So. 2d 1038, 1039 (Fla. 4th DCA 2001) (granting certiorari review because of the trial court's failure to make "particularized findings" precluded meaningful appellate review).

Remand in this case isn't necessary, as the trial court's statement at the hearing indicates that it was requiring Insurer to produce the documents created *until the time the claim was denied*. This suggests the trial court viewed as protected only those items postdating the denial of the claim, seemingly in anticipation of litigation, as opposed to when the

2

issue of coverage was determined.  However, these discovery requests are facially improper, in their entirety.  "[U]ntil the obligation to provide coverage and damages has been determined, a party is not entitled to discovery related to the claims file[] or to the insurer's business policies or practices regarding handling of claims."  *State Farm Mut. Auto. Ins. Co. v. Tranchese,* 49 So. 3d 809, 810 (Fla. 4th DCA 2010); *see also State Farm v. O'Hearn*, 975 So. 2d 633, 637 (Fla. 2d DCA 2008).  Because the issues of the Insurer's liability for coverage and the amount of the policy owners' damages have not been finally determined, the discovery order in the instant case is a departure from the essential requirements of the law which will result in irreparable harm.  We therefore grant the petition and quash the trial court's order allowing discovery of the claim files and underwriting file at this time.

### Conclusion

Despite the trial court's failure to make findings when permitting the discovery, the discovery requests regarding claim files and underwriting files are improper on their face.  Accordingly, we grant the petition and quash the discovery order.

*Petition Granted.*

LEVINE, C.J., and GERBER, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3