573 So.2d 987 (1991)
E.L. "Shorty" ALLEN, et al., Appellants,
v.
Honorable Bob MARTINEZ, Governor, et al., Appellees, and
Florida Department of Community Affairs, Intervenor/Appellee.
No. 89-1023, 89-2377.
District Court of Appeal of Florida, First District.
January 25, 1991.
*988 James S. Mattson of Mattson & Tobin, Key Largo, Fred Tittle of Tittle & Tittle, P.A., Tavenier, for appellants.
John W. Costigan and P. Tim Howard, Dept. of Legal Affairs, Tallahassee, for appellee Admin. Com'n.
G. Steven Pfeiffer, General Counsel, David L. Jordan, Barbara Jo Finer, and Robert Byerts, Sr. Attys., Dept. of Community Affairs, Tallahassee, for appellee Dept. of Community Affairs.

ON MOTION FOR REHEARING
PER CURIAM.
Appellees' motion for rehearing or clarification is granted. The opinion issued on June 21, 1990, is withdrawn and the following opinion is substituted in lieu thereof:
This is a consolidated appeal from a final administrative order entered in case no. 89-1023 relating to the validity of certain rules adopted by the Administration Commission of Florida (Commission), and case no. 89-2377 relating to motions for attorney's fees filed by the parties. In case no. 89-1023, the appellant contends that the hearing officer erred in finding that proposed rules 28-20.019, 28-20.022 and 28-20.023, Florida Administrative Code, which would have rezoned specific parcels of land in Monroe County, were a valid exercise of delegated legislative authority, did not exceed the agency's grant of rulemaking authority, and did not enlarge, modify or contravene the specific provisions of the law implemented. The hearing officer, however, held that the rules were an invalid exercise of delegated legislative authority in that they were not adopted in accordance with the applicable rulemaking procedures set forth in section 120.54, Florida Statutes, (a decision not appealed by the Commission or the Department). In case no. 89-2377, Allen appeals the final order of the hearing officer dismissing his motion for attorney's fees and costs. We affirm the hearing officer's decisions concerning attorney's fees and decline to reach the issue of the agency's authority to adopt the challenged rule.
Allen is the owner of a 10.32 acre parcel of land on Key Vaca in Marathon, Monroe County. His property was zoned destination resort (DR) on February 28, 1986, by ordinance of the Monroe County Board of County Commissioners (County), pursuant to the zoning authority under section 125.01(1)(h), Florida Statutes. The DR zoning allowed Allen to build up to 15 hotel units per acre or a total of 155 units. This zoning was approved by the Commission and the Department of Community Affairs (Department), and became effective on September 15, 1986. Immediately after the zoning of Allen's property, the Department contracted with the County to conduct a study of all property zoned DR in order to determine which parcels should retain the DR designation and which should receive a different zoning. Thirty-two properties *989 were potentially affected by the study. The study recommended that 13 of them, including Allen's property, be rezoned. Allen's property would be subject to downzoning, from DR to suburban residential (SR), under proposed rule 28-20.023(f). SR zoning would permit Allen to build only one residential dwelling unit per acre, or a total of 10 units, instead of the 155 units permitted under DR zoning.
The Department's recommendation that the Commission down-zone the 13 parcels, including Allen's 10-acre parcel, by the adoption of rules was made without any individual notice to the 13 property owners. Before the recommended rules were adopted, three public hearings were held in Monroe County. Notice of these hearings was published in a local newspaper, and a notice of the proposed rules was published in the Florida Administrative Weekly. No individual notice was given to the property owners. The hearing officer found that the notice published in the Florida Administrative Weekly failed to comply with the provisions of section 120.54, Florida Statutes, in several respects and was insufficient to provide notice of the agency's intended action. She further found that the estimate of revised economic impact on affected persons was insufficient, and did not comply with the required detailed economic impact statement. She, therefore, found that the agency had materially failed to follow the applicable rulemaking procedures set forth in section 120.54 and that the rules were an invalid exercise of delegated legislative authority. She also found, as previously noted, that the commission had the legal authority to rezone the property in question by rule if it complied with the provisions of section 120.54.
Allen appeals from this latter determination. In light of the hearing officer's finding that the rule in the instant case was not adopted in accordance with section 120.54, Florida Statutes, and was, therefore, invalid, and in light of the state's failure to appeal this determination, the rule which was challenged is no longer in the process of being adopted. See § 120.54, Fla. Stat. (1989). If the agency wishes to adopt the rule in question or a similar rule on the same subject, it must reinitiate the adoption process.[1]
Since there is no proposed rule presently pending before the court, the issues involving the validity of the statutory notice procedure and the substantive issues pertaining to the validity of the statutory delegation are moot. See Montgomery v. Dep't of Health and Rehabilitative Servs., 468 So.2d 1014 (Fla. 1st DCA 1985). Effectively, the appellant is requesting us to render an advisory opinion concerning future actions by the state. We decline to do so. See Sarasota-Fruitville Drainage District v. Certain Lands, 80 So.2d 335 (Fla. 1955).[2]
The hearing officer's determinations as to the validity of the proposed rules and attorney's fees are affirmed.
ZEHMER, BARFIELD and WOLF, JJ., concur.
NOTES
[1] Allen suggests to us that the agency has, in fact, adopted a new rule rezoning his property and, therefore, the instant appeal is not moot. The appropriate remedy would be to file a challenge to the new rule either during the adoption process pursuant to § 120.54, Fla. Stat., or after adoption pursuant to § 120.56, Fla. Stat., so that all parties would be able to properly address the challenge as to its validity. In such a challenge, Allen would be free to address all of the issues not reached by this decision herein, including the authority of the Commission to adopt the proposed rules.
[2] It should be noted, however, that any procedure which allows for the rezoning of a limited number of specific parcels of land without specific notification to the property owners involved would be constitutionally suspect. Gulf and Eastern Dev. Corp. v. City of Ft. Lauderdale, 354 So.2d 57 (Fla. 1978).