NESBITT, Judge.
Gallagher seeks reversal of an adverse final judgment in his personal injury asbestos claim against the Fibreboard Corporation. We affirm.
Gallagher was allegedly exposed to asbestos-containing cements at the Boston Navy Yard from 1951 to 1955. In 1992, he brought an asbestos-related personal injury claim against the Fibreboard Corporation (Fibre-board), which was tried before a jury in 1993. The trial court adopted portions of an Omnibus Order on Negligence and Product identification.
The Omnibus Orders were established in 1991, as a result of. the substantial number of asbestos cases brought in Dade County over the past ten years. Judges Richard Fuller and Harold Vann, by special administrative order of Chief Judge Gerald Wetherington, coordinated litigation and case management procedures, created a Master Docket, and issued various omnibus orders to govern litigation applicable to all asbestos cases. The orders imposed mutual discovery and disclosure requirements on both parties to an asbestos action. On June 4,1991, Judge Fuller entered an Amended Omnibus Order that, among other things, required asbestos plaintiffs to file and serve “exposure sheets” for each defendant, identifying 1) the asbestos product(s) to which they were allegedly exposed, 2) the dates of exposure, 3) the witnesses who will testify to such exposure, and 4) the addresses of the witnesses and the name and address of witness’s counsel. The Order required all asbestos plaintiffs to serve their exposure sheets along with them Complaint, and provided that a plaintiffs failure to comply with these requirements as to a specific defendant would result in that defendant being dismissed without prejudice from the lawsuit.
The Order also provided that the exposure evidence at trial should not deviate from the information contained in the exposure sheets. However, the Order permitted the plaintiff to amend the exposure sheets by leave of court a reasonable time before the trial for good cause shown. In April 1992, Judge Vann issued an Order Allowing Automatic Amendment to Exposure Sheets. This order authorized plaintiffs to automatically amend the exposure sheets with information provided in deposition or interrogatory responses, upon service of a Notice of Additional Product Exposure. With regard to answers to interrogatories, where they sufficiently identified additional product exposure information, then in such event, the exposure sheet amendment was self-executing and no notice was required, as this new discovery was itself deemed to supplement the existing exposure sheet.
*955 The plaintiff claims here that both the amended omnibus order as well as certain rulings made by the trial judge during the trial impermissibly limited the plaintiffs ability to adduce evidence of alleged injury as to the additional Fibreboard products.
First, we cannot think of a simpler, more expeditious means of affording the plaintiff the opportunity to allege his claim or claims than was provided in the amended Omnibus Orders. Here, the court granted the defendant’s motion to limit the plaintiff to only those products and co-worker witnesses identified in the existing exposure sheets. The plaintiffs counsel was on notice that he was bound and governed by the Omnibus Order as amended, and consequently, his claim is simply untenable. Failure to utilize the amendment procedure provided by the Omnibus Order is no different than failure to observe the usual requirement under the civil rules to obtain leave of court to amend.
Second, the appellant argues that the trial judge’s ruling during trial prevented him from adducing evidence in support of his already existing claims. The trial judge clearly indicated his recognition of the plaintiffs right to proceed on those issues, stating:
All right, here’s what we’ll do. We’ll proceed as I’ve indicated permitting Mr. Gonzalez and the plaintiff to go into these six areas under negligent failure to warn and failure to test, respiratory protection, wearing apparel, failure to recall, inspection, animal studies and consultants, and then Ms. Cole will have an opportunity on cross examination to bring out all the points that they are arguing now. But I don’t want to tie the hands of the plaintiff ... I’m going to allow [plaintiff] to put on his ease as he chooses and then I will hold it to the test of [defendant’s] motions for directed verdict.
After the defendant’s counsel objected to allowing these causes of action to proceed under negligent failure to warn, citing the Omnibus Order’s striking of claims other than strict liability and failure to warn, the judge continued,
I don’t think we have a problem going ahead and I don’t think that we are running contrary to the Omnibus Order by allowing testimony in these six areas under negligent failure to warn.1 And I don’t think it involves expansion of the causes of action available under the Omnibus Order, so why don’t we go forward on that basis?
The trial judge’s generous recognition of the plaintiffs right to litigate the above issues under the negligent failure to warn and strict liability claim, if at all arguably prejudicial, worked to the defendant’s disadvantage, not the plaintiffs. There was simply no error. Affirmed.