774 So.2d 59 (2000)
Richard J. GATON, Edward Stiefel and Blood Diagnostics, Inc., Petitioners,
v.
HEALTH COALITION, INC., Walter Shikany, and Terri Shikany, Respondents.
No. 3D00-2052.
District Court of Appeal of Florida, Third District.
November 1, 2000.
*60 Richman Greer Weil Brumbaugh Mirabito & Christensen, and Gary S. Betensky, Miami, for petitioners.
Zack Kosnitzky, and Lawrence V. Ashe, Miami, for respondents.
Before SCHWARTZ, C.J., and SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Petitioners have filed this petition for writ of certiorari seeking an order quashing the trial court's orders dated June 29, 2000, and July 12, 2000, overruling Petitioners' exceptions to reports and recommendations of a special master. They have asserted that these orders require production of documents that are protected by the trade secret privilege, section 90.506, Florida Statutes (1999), as the materials constitute customer lists.
As we stated in Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277 (Fla. 3d DCA 1993), "[w]hen trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials. .... If production is then ordered, the court must set forth its findings." Id. at 1278-79 (citations omitted). At this point, however, the special master has simply ordered petitioners to produce the documents directly to the special master for an in camera inspection. Because no production has been ordered, this petition is premature and is therefore denied. See Kavanaugh v. Stump, 592 So.2d 1231, 1232 (Fla. 5th DCA 1992) (holding that the trial court must conduct an evidentiary hearing or an in camera inspection to determine if a trade secret exists, and, if so, to determine the extent of protection necessary to safeguard the trade secret).
Petition for writ of certiorari is denied.