912 So.2d 595 (2005)
LeRoy H. MERKLE, Jr., Appellant,
v.
GUARDIANSHIP OF Robert J. JACOBY, an incapacitated person, Appellee.
No. 2D02-2748.
District Court of Appeal of Florida, Second District.
February 25, 2005.
*597 LeRoy H. Merkle, Jr., Tampa, pro se.
No appearance for Appellee.

ORDER IMPOSING SANCTIONS ON LeROY H. MERKLE, JR., A MEMBER OF THE FLORIDA BAR
WALLACE, Judge.
We have before us the unpleasant duty of considering the imposition of sanctions on LeRoy H. Merkle, Jr., a member of The Florida Bar. Mr. Merkle was the appellant in this case in his capacity as guardian of the person and property of Robert Jacoby, an incapacitated person (the Ward).[1] Mr. Merkle also acted as his own attorney throughout the course of this appeal. For the reasons set forth below, we sanction Mr. Merkle for his failure to notify this court that he had settled the controversy that was the subject of this case before our decision on the merits.

Background
Mr. Merkle filed a notice of appeal of a trial court order entered in May 2002 that required him to refund to the Ward's estate the sum of $3931.12 that he had previously paid to himself. No one filed an appearance as an appellee in the case. On December 24, 2003, this court issued an opinion reversing the trial court's order on procedural grounds and remanding the case for further proceedings. Merkle v. Guardianship of Jacoby, 862 So.2d 906 *598 (Fla. 2d DCA 2003). Our mandate issued in due course on February 3, 2004.
On April 30, 2004, we received a motion to vacate prior ruling from the Department of Veterans Affairs (the Department), an interested party in the proceedings in the trial court. The Department suggested that prior to the issuance of our decision, the case had become moot by reason of a "Settlement Agreement" (the Agreement) that the Department had reached with Mr. Merkle on December 4, 2002, more than one year prior to our decision. Pursuant to the Agreement, Mr. Merkle had agreed to refund to the personal representative of the Ward's estate a total of $6687.06. The Department agreed to consent to the entry of Mr. Merkle's discharge as guardian upon his payment of the $6687.06 refund. The Department informed us further that Mr. Merkle had paid the refund amount. Finally, the Department enclosed a copy of the Agreement and a copy of a "Stipulation for Final Discharge of Guardian" executed on behalf of the Department and by Mr. Merkle.
Upon receipt of the Department's motion, we issued an order directing Mr. Merkle to respond to the Department's suggestion that the case had become moot prior to our decision on the merits. Mr. Merkle's response disputed the Department's claim of mootness and raised several factual issues. One of the factual issues was a claim that the Agreement with the Department "was entered into on the condition that it would not be used to prejudice the review of the trial court's action by the appeals court." We were unable to determine the issue of mootness on the basis of the materials available to us. Therefore, on June 11, 2004, we issued an order that recalled our mandate in this case and directed the chief judge of the Thirteenth Judicial Circuit to appoint a commissioner for the purpose of determining whether the Agreement rendered moot Mr. Merkle's appeal of the trial court's order.
Pursuant to our order, the chief judge of the Thirteenth Judicial Circuit appointed the Honorable E. Lamar Battles as commissioner. Judge Battles conducted a patient and painstaking inquiry into this matter, including an evidentiary hearing held on August 10, 2004. Evidence adduced at that hearing established that the amount Mr. Merkle agreed to refund to the personal representative of the Ward's estate included the $3931.32 that was the subject of the trial court's order. Despite his settlement with the Department, Mr. Merkle had continued to pursue his appeal in this court, serving his initial brief on November 21, 2002, the day after he had signed the Agreement.[2] Mr. Merkle paid the final installment of the refund amount on April 1, 2003. When Judge Battles asked Mr. Merkle at the hearing if he did not believe he was obligated to advise this court that he had paid the amount that was the subject of the order on appeal, Mr. Merkle replied, "I didn't feel an obligation to do that."
Mr. Merkle explained his reason for failing to inform this court of the settlement he had reached with the Department as follows:
[T]here are greater issues besides this immediate case. This, this problem *599 we're addressing now has gone on in about ten other cases that I'm, I'm not the guardian on. I'm an attorney on some of them and other attorneys on [sic], and trying to get cases closed when everybody's consented, everybody's satisfied but for the trial court.
. . . .
Okay. So it's a bigger issue than this particular case. That is one of the problems we have.
Thus Mr. Merkle admitted that his purpose in continuing to pursue the appeal in this case after reaching a settlement with the Department was to gain a perceived tactical advantage in matters unrelated to the Jacoby guardianship.
At the hearing before Judge Battles, the Department disputed Mr. Merkle's claim that the settlement was conditioned on a collateral agreement that it would not prejudice appellate review of the trial court's order. Such a condition was not included in the Agreement, and it was not memorialized in any other writing. The only evidence for the existence of such a collateral agreement was Mr. Merkle's testimony. For the reasons to be discussed below, if the Agreement had been subject to such a condition, such a collateral agreement would not have excused Mr. Merkle of his duty to notify this court that he had settled the case pending in this court.
In his findings and report to this court, Judge Battles concluded that the issues in this case were rendered moot by the Agreement. Judge Battles also found "that Mr. Merkle may not have been fully forthcoming and timely in keeping the courts apprised of all actions in this matter." We take this occasion to thank Judge Battles for his service as commissioner. We commend him for his thorough and informative report.
Upon receipt of Judge Battles' report, we issued an order directing Mr. Merkle to show cause in writing why this court should not impose sanctions on him for his noncompliance with Florida Rule of Appellate Procedure 9.350(a). The rule provides:
Dismissal of Causes When Settled. When any cause pending in the court is settled before a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
Mr. Merkle's response to our show cause order raised three points. First, Mr. Merkle asserted his lack of experience in handling appellate matters. Second, Mr. Merkle reiterated the explanation he had previously offered to Judge Battles that he continued to pursue the appeal after settling with the Department because of his "concern with observing the rules of procedural due process and the Probate and Guardianship Rules" in several matters that had nothing to do with the Jacoby guardianship. Finally, Mr. Merkle improperly directed our attention to recent nonrecord events related to the Jacoby guardianship proceedings. We expressly decline to consider these nonrecord events in determining the matter of sanctions.

Mootness and Counsel's Duty of Candor to the Court
Florida's appellate courts reserve the exercise of judicial power for cases involving actual controversies. Sarasota-Fruitville Drainage Dist. v. Certain Lands, 80 So.2d 335, 336 (Fla.1955). With limited exceptions not material here, Florida's appellate courts are not authorized to issue advisory opinions. Id.; Allen v. Martinez, 573 So.2d 987, 989 (Fla. 1st DCA 1991). "It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot *600 questions, or to declare principles or rules of law which cannot affect the matter in issue." Montgomery v. Dep't of Health & Rehabilitative Servs., 468 So.2d 1014, 1016-17 (Fla. 1st DCA 1985) (citing 2 Am. Jur.2d Administrative Law, § 572, p. 389). The limitation on the exercise of judicial power to the decision of justiciable controversies has been attributed to judicial adherence to the doctrine of separation of powers. Ervin v. City of N. Miami Beach, 66 So.2d 235, 236 (Fla.1953) (quoting Anderson on Declaratory Judgments, vol. 1, 2d ed., 66).
The doctrine of mootness is a corollary to the limitation on the exercise of judicial power to the decision of justiciable controversies. Generally speaking, an appellate court will dismiss a case if the issues raised in it have become moot.[3]See DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258, 259 (1943). "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is `moot' when it presents no actual controversy or when the issues have ceased to exist." Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (citations omitted). The settlement of a case renders it moot. See Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So.2d 1190, 1193 (Fla.1995); Jones v. Champion, 675 So.2d 244 (Fla. 2d DCA 1996); Seslow v. Seslow, 625 So.2d 1248 (Fla. 4th DCA 1993). The voluntary payment of a disputed charge has the same effect. See Lieber v. Lieber, 40 So.2d 111, 113 (Fla.1949).
When a pending appeal becomes moot by reason of a settlement, rule 9.350(a) requires counsel to notify the appellate court immediately by filing a signed stipulation for dismissal of the appeal. In addition to the duty imposed by the rule, counsel are also under an ethical duty to notify the court of a settlement. Counsel have a duty of candor to the court. R. Regulating Fla. Bar 4-3.3. During the pendency of an appeal, the duty of candor imposes an obligation on counsel to notify the court of any development that may conceivably affect the outcome of the litigation, including facts that may raise a question of mootness. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n. 23, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); Bd. of License Comm'rs v. Pastore, 469 U.S. 238, 240, 105 S.Ct. 685, 83 L.Ed.2d 618 (1985); Douglas v. Donovan, 704 F.2d 1276, 1279-80 (D.C.Cir.1983). See generally Raymond T. Elligett, Jr. & John M. Scheb, Professional Responsibility of Appellate Advocates, in Florida Appellate Practice § 25.7 (Fla. Bar CLE 5th ed. 2003); J. Michael Medina, Ethical Concerns in Civil Appellate Advocacy, 43 Sw. L.J. 677, 694-97 (1989). Moreover, the parties to an appeal may not, by means of a private agreement among themselves, keep the case pending and prevent its dismissal on grounds of mootness in order to obtain what amounts to an advisory opinion. See Arizonans for Official English, 520 U.S. at 68 n. 23, 117 S.Ct. 1055; St. Charles Parish Sch. Bd. v. GAF Corp., 512 So.2d 1165 (La.1987); Amherst & Clarence Ins. Co. v. Cazenovia Tavern, Inc., 59 N.Y.2d 983, 466 N.Y.S.2d 660, 453 N.E.2d 1077 (1983). Thus, regardless of any private agreement or personal interest in obtaining an opinion, counsel's duty of candor to the court compels the prompt disclosure of a settlement or other circumstances that might render a case moot. "It is one thing to argue that a settlement does not moot a particular case; it is quite *601 another to promote an advisory opinion by disguising a settlement in order to hide it from the court's consideration." Douglas, 704 F.2d at 1280.
Pursuant to the Agreement with the Department, Mr. Merkle obligated himself to repay all of the funds that the trial court had ordered him to refund. Thus, once the settlement was reached, a determination by this court of the propriety of the trial court's order could have no actual effect on the rights of the parties. For this reason, Mr. Merkle's appeal of the trial court's order became moot when he entered into the Agreement with the Department. If Mr. Merkle had conditioned the settlement on a collateral agreement that it would not prejudice his right to continue the appeal as he initially suggested to this court and as he testified before Judge Battles, such an agreement would not have altered the fact that the settlement mooted the appeal. In addition, such an agreement would not have relieved Mr. Merkle of his duty to inform this court that the case had been settled.
Mr. Merkle does not dispute that he failed to notify this court that he had settled the case with the Department over one year before our decision on the merits issued. Indeed, he testified at the hearing before Judge Battles that he "didn't feel an obligation to do that." We were notified of the existence of the Agreement only by the Department's motion filed after the Department belatedly learned of Mr. Merkle's appeal and our decision. Therefore, there is no doubt that Mr. Merkle did not make any attempt to comply with rule 9.350(a) by notifying this court that he had settled the controversy that was the subject of this case before our decision on the merits.

The Question of Sanctions
This court has the authority to sanction Mr. Merkle for his failure to notify us immediately of the settlement he reached with the Department as required by rule 9.350(a). See Fla. R.App. P. 9.410; In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986). Our research has not disclosed a prior case in which a Florida appellate court has sanctioned counsel for failing to immediately notify the court of the settlement of a pending case. However, other appellate courts have viewed such a dereliction as a serious breach of counsel's duty deserving the imposition of sanctions. See S & D Cal. Fruit Exch., Inc. v. Gurino (In re Sheridan), 783 F.2d 345 (2d Cir.1986) (ordering offending attorney to pay any excess costs, including attorney's fees, reasonably incurred by opponents as a result of counsel's dereliction); Riesenecker v. Ark. Best Freight Sys., 110 N.M. 451, 796 P.2d 1147, 1148 (N.M.Ct.App. 1990) (announcing intention to routinely advise Disciplinary Counsel of any future violations); Principals Capital Res. Corp. v. Splish Splash at Adventureland, Inc., 251 A.D.2d 640, 676 N.Y.S.2d 477 (1998) (directing offending party and counsel to show cause why sanctions should not be imposed for failure to timely inform the court that the case was settled).
In considering the nature and extent of the sanctions to be imposed on Mr. Merkle, it is appropriate to assess the aggravating and mitigating circumstances surrounding his conduct in this matter. We find particularly reprehensible Mr. Merkle's attempt to use this court as an unwitting pawn in his campaign to gain a perceived tactical advantage in matters unrelated to this case. Mr. Merkle's selfish desire to pursue a purely personal agenda in disregard of his duty of candor to this court required us to put aside our work on the cases of litigants with genuine controversies  many of whom are serving lengthy prison sentences  and spend our limited time and resources to review, research, *602 and prepare an opinion in a case that should have been dismissed. We are also troubled by Mr. Merkle's representation that his settlement was subject to a condition allowing him to pursue appellate review of the trial court's order in the absence of any written evidence to support his claim. Furthermore, we note that Mr. Merkle  despite ample opportunity  has never acknowledged that he now understands that his conduct violated not only rule 9.350(a) but also his duty of candor to this court. Mr. Merkle has also failed to make any expression of regret or to apologize for his actions. In short, Mr. Merkle has chosen to adopt a posture of defiance rather than contrition.
On the other hand, we accept at face value Mr. Merkle's claim that he is inexperienced and lacks expertise in appellate practice and procedure. Of course, Mr. Merkle's lack of competence in appellate matters does not excuse his failure to comply with the rules.[4] Nevertheless, we believe that Mr. Merkle's inexperience in the appellate arena has contributed substantially to his failure to conform his conduct to the rules. Taking these matters into account, we will consider Mr. Merkle's lack of appellate expertise as a mitigating factor in determining the nature and severity of the sanctions to be imposed on him. We believe that the sanctions we impose on Mr. Merkle will give him an opportunity to gain a better understanding of the requirements of the Florida Rules of Appellate Procedure and the appellate advocate's professional responsibilities.

The Sanctions Imposed
IT IS ORDERED that:
1. Within thirty days from the date of this order, LeRoy H. Merkle, Jr., shall pay a fine to the clerk of this court in the amount of FIVE HUNDRED DOLLARS ($500).
2. LeRoy H. Merkle, Jr., shall pay all costs of the proceedings conducted in the trial court by the commissioner, Judge E. Lamar Battles, including but not limited to the cost of the court reporter's appearance fee and the transcript of the hearing held before the commissioner on August 10, 2004. Such costs shall be taxed against Mr. Merkle on the remand of this case. The costs so taxed shall be paid by Mr. Merkle personally and not from the assets of the Ward's estate.
3. In lieu of a more severe fine and additional sanctions, LeRoy H. Merkle, Jr., is ordered to obtain, within twelve months of the date of this order, a minimum of fifteen continuing legal education hours in appellate practice and procedure in addition to the continuing legal education required by rule 6-10.3 of the Rules Regulating The Florida Bar. Mr. Merkle shall provide proof of his completion of that education to the clerk of this court in a format that shall include a reference to the number assigned to this case and a copy of this order. If Mr. Merkle fails to comply with this educational requirement within the time allowed, additional sanctions may be imposed.
NORTHCUTT and DAVIS,[5] JJ., Concur.
NOTES
[1] The Ward died in February 2001.
[2] Although Mr. Merkle served a copy of his notice of appeal and his initial brief on the Department, it appears that the Department's copies of these documents were misdirected or lost. Thus the Department did not become aware of Mr. Merkle's appeal until several months after our decision issued. There is no indication in the record that Mr. Merkle intentionally sent the Department's copies of the notice of appeal and the initial brief to an incorrect address.
[3] For a discussion of the doctrine of mootness and its exceptions in the context of appellate practice and procedure, see generally, Philip J. Padovano, Florida Appellate Practice § 1.4 (2005 ed.).
[4] "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." R. Regulating Fla. Bar 4-1.1. See generally Raymond T. Elligett, Jr. & John M. Scheb, Professional Responsibility of Appellate Advocates, 1 Fla. Coastal L.J. 101 (1999).
[5] Judge Davis has been substituted for Judge Stringer, who was on the original Merkle panel.