917 So.2d 336 (2005)
CAPE CANAVERAL HOSPITAL, INC., Petitioner,
v.
Jorge J. LEAL, M.D., Respondent.
No. 5D05-2557.
District Court of Appeal of Florida, Fifth District.
December 23, 2005.
*337 Michael G. Tanner and Dominic C. MacKenzie of Holland & Knight LLP, Jacksonville, for Petitioner.
Douglas D. Marks of Boyd & Marks, L.L.C., Melbourne, for Respondent.
William A. Bell, Tallahassee, for Florida Hospital Association, Inc., Amicus Curiae.
ORFINGER, J.
Cape Canaveral Hospital, Inc. ("CCH") seeks certiorari review of an order compelling CCH to submit certain documents to the trial court for an in camera inspection. The trial court ordered CCH to submit the documents, which CCH claims to be privileged, so that it could determine whether CCH had a reasonable belief that one or more of the grounds specified in section 395.0193(3), Florida Statutes (2001),[1] existed prior to the commencement of a peer review panel's investigation of the respondent, Jorge J. Leal, M.D.[2] We deny the petition as premature.
Dr. Leal sued CCH and its president, asserting that CCH improperly suspended his clinical privileges. During discovery, Dr. Leal sought discovery from CCH of material relating to his suspension, including a request to produce:
2. Any and all documents concerning any complaints against or about Plaintiff (Dr. Leal) by any physician, nurse, technician, member of the medical staff[,] agent employee or patient of Defendant (CCH)....
....
5. Any handwritten statements given by any individual concerning any alleged activities of Plaintiff on October 3, 2001.
6. Any and all minutes, audiotapes, transcripts, notes, or other memorialization of any meeting or meetings of the CCH Hospital Medical Executive Committee concerning any suspension of the medical staff privilege of Plaintiff.
....
8. Any and all minutes, audiotapes, transcripts, notes or other memorialization of any meeting or meetings of the Joint Committee consisting of members of the CCH medical staff and the executive committee of the CCH Board of Trustees concerning any suspension of the medical staff privileges of Plaintiff.
CCH objected to this discovery on the grounds that the requests sought to invade CCH's peer review, work product and risk management privileges.
After a hearing, the trial court entered the order we now review, concluding:
1. The only peer review privilege statute applicable to this case is that contained in [s]ection 395.0193, Florida Statutes. In order for peer review to be conducted there must be a reasonable belief that a physician is incompetent, a *338 substance abuser, mentally or physically impaired to the extent of adversely affecting patient care, medically negligent, or failed to comply with policies, procedure, or directives of risk management or quality assurance.
2. There should be no proceedings of peer review without such reasonable belief that one or more grounds for discipline exists. If there were such proceedings of peer review, there is a peer review privilege from discovery. Fla. Stat. 395.0193(8)[sic]. However, if there were peer review proceedings without a reasonable belief that one of the grounds set out at section 395.0193(3)[sic] exists, there is no peer review privilege from discovery and complete discovery may be had.
3. It is therefore necessary for Cape Canaveral Hospital, Inc. to submit to the court for an in camera inspection documents indicating that a reasonable belief exists that one or more of the grounds at section 395.0193(3)[sic] existed prior to the commencement of the peer review panel's investigation. Said documents shall be submitted to the court within 30 days of entry of this order.
(Emphasis added).
CCH argues that the trial court's order departs from the essential requirements of law by requiring it to submit documents for an in camera inspection indicating that a reasonable belief that one or more of the grounds specified in section 395.0193(3), Florida Statutes, existed prior to the commencement of the peer review panel's investigation of Dr. Leal. CCH advances three arguments: (1) the trial court improperly restricted the scope of peer review and the peer review privilege under the statute; (2) the trial court imposed a "prior belief" standard on CCH, as a predicate to initiating a peer review investigation, which does not exist; and (3) the trial court's order, requiring an in camera inspection of the materials to implement its erroneous "prior belief" restriction, frustrates the legislative intent underlying the peer review process and will have a chilling effect on full, frank and open peer reviews.[3]
In response, Dr. Leal contends that certiorari review of the order is premature because the requirement to produce documents for an in camera inspection does not create irreparable harm for CCH. Dr. Leal further argues that the trial court did not depart from the essential requirements of law because the statute only covers disciplinary matters enumerated in the statute.
We begin our analysis by observing that the order CCH seeks certiorari review of does not compel it to produce these documents to Dr. Leal. The order only requires CCH to submit these documents to the trial court for an in camera inspection to determine if the documents are privileged. Certiorari is appropriate to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected, as this would present the potential of a departure from the essential requirements of the law, which would cause material harm, leaving no adequate remedy on final appeal. See Mariner Health Care of Metrowest, Inc. v. *339 Best, 879 So.2d 65 (Fla. 5th DCA 2004); Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995)). The basis for allowing certiorari review of certain discovery orders is that discovery of protected material could result in letting the "cat out of the bag," and injury could result if such information was disclosed. See Langston, 655 So.2d at 94; see also Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999), Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). If a party is required to turn over protected documents, then they are beyond relief. See Langston, 655 So.2d at 94 n. 2.
Generally, if there is a question as to whether certain discovery is protected by the peer review privilege, the trial court should hold an in camera inspection to determine if the materials are protected prior to compelling discovery. See Best; Paracelsus Santa Rosa Med. Ctr. v. Smith, 732 So.2d 49 (Fla. 5th DCA 1999). The issue raised in the instant petition is whether an order, that only requires a party to submit allegedly protected materials for an in camera inspection, is ripe for certiorari review when the order does not yet require (and perhaps may never require) disclosure of the documents to the opposing party.
Dr. Leal relies on Gaton v. Health Coalition, Inc., 774 So.2d 59 (Fla. 3d DCA 2000), for the proposition that certiorari review of an order, which requires submission of documents to the court for an in camera inspection, is premature because no production has been ordered to the opposing party. In Gaton, a special master ordered a party to produce documents directly to the special master for an in camera inspection. The trial court overruled the party's exceptions to the special master's report and recommendations. The party sought certiorari review in the appellate court, asserting that the orders required production of documents protected by the trade secret privilege.[4] The court denied certiorari, finding the petition to be premature because the order only required production of the protected documents to the special master for an in camera inspection and did not require production of the documents to the opposing party.
In arguing that certiorari review is appropriate, CCH relies on Cebrian By & Through Cebrian v. Klein, 614 So.2d 1209 (Fla. 4th DCA 1993). In Cebrian, the Fourth District Court reviewed by certiorari an order requiring an in camera inspection of certain HRS investigation reports. In granting certiorari relief, the court recognized the basic principle that orders requiring in camera inspections do not generally display the appropriate characteristics of permanent harm because a remedy is available, if after an in camera inspection, the trial court enters a further order requiring dissemination of the documents to the opposing party. However, the court recognized an exception for HRS investigations based upon "unfounded reports" protected by the shield law found in section 415.51(2), Florida Statutes (1990). The court determined that the order for an in camera inspection of HRS reports was ripe for certiorari review because the shield law created a privilege and an in camera inspection of these records was "neither necessary nor appropriate to determine whether a report is entitled to the protection of the statute." Id. at 1210. The rationale of the court was that, unlike an in camera inspection to determine whether material is or is not to be protected, there was no question that the HRS *340 reports were protected, and thus, an in camera inspection was not necessary.
CCH analogizes the HRS reports in Cebrian to the peer review documents in the instant case. CCH argues that, by statute, the peer review documents are privileged, and, therefore, as in Cebrian, an in camera inspection is unnecessary. Therefore, CCH contends irreparable harm will result if these privileged reports are subject to an in camera review.
We disagree, and conclude that CCH's petition is premature. One essential characteristic of an effective application for relief by way of certiorari is that the threatened harm cannot be undone. As suggested in Cebrian, "an order requiring production for an in camera inspection cannot display the appropriate characteristic of permanent harm because a remedy is available if and when the trial court enters a further order (after [an] in camera inspection) requiring dissemination of the protected matter to the appropriate party or parties." 614 So.2d at 1210. The exception found by the court in Cebrian does not apply to the discovery in this case. In Cebrian, the HRS reports were clearly protected. The issue before the trial court here is the very question of the protected status of the documents.
The conclusion that this petition is premature is bolstered by Gaton. As in Gaton, at this point the trial court has simply ordered CCH to produce the documents to the court for an in camera inspection. Also, as in Gaton, because no production to the opposing party has yet been ordered, the petition was found to be premature.
Certiorari is inappropriate at this stage in the proceedings because no irreparable harm has been demonstrated. In the final analysis, the order under review, while making certain conclusions of law, merely requires CCH to produce the requested documents for an in camera inspection by the trial court. Whether the trial court has misapprehended the scope of the privilege is a question we need not decide because to date, no discovery has been ordered.
CERTIORARI DENIED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] Section 395.0193(3), Florida Statutes (2001), sets forth the grounds, which, if reasonable belief exists, may constitute grounds for discipline and require a peer review panel investigation of a hospital staff member or physician.
[2] The Florida Hospital Association, Inc. was permitted to file an amicus curiae brief in support of the petition.
[3] The Florida Hospital Association, in its amicus curiae brief, argues in support of CCH's position that there is no authority for the trial court to limit the scope of the peer review privilege to the seven (7) grounds stated in section 395.0193(3), Florida Statutes. The Association further argues that confidentiality in the peer review process is essential for the delivery of high-quality health care to the people of Florida and the order under review will chill peer review participation.
[4] § 90.506, Fla. Stat. (1999).