RAMIREZ, J.
(dissenting).
I respectfully dissent because I do not agree that the trial court’s order departed from the essential requirements of law.
Simply stated, section 774.205(2), Florida Statutes (2005), specifically provides that for any pending claims, “the plaintiff must file the report and supporting test results at least 30 days before setting a date for trial.” (emphasis added). The majority would apply the statute to include cases whose trials have already been set. If that were the case, the statute should read “at least 30 days before trial.”
When considering such an extraordinary remedy as a writ of certiorari, the standard is not de novo review, or abuse of discretion, but a “departure from the essential requirements of law.” As the Florida Supreme Court stated in Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 527 (Fla.1995):
The required “departure from the essential requirements of law” means something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice. The writ of certiorari properly issues to correct essential illegality but not legal error.
In the case before us, not only there has been no departure from the essential requirements of law, there is not even a real case and controversy for us to decide.
The applicability of the statute came up pursuant to a Memorandum filed by General Electric. The trial court then invited the parties to brief the issue. The litigants did not file or serve any motion. The petition before us mentions no petitioner or respondent. As of the date of oral argument, it had yet to be applied to any particular case or litigant. Chief Judge Farina’s order was, at best, an advisory opinion. I fail to see how such an advisory opinion can be a departure from the essential requirements of law.
We do not recognize the appealability of an order on attorney’s fees in the absence of an actual award of fees, see Ocean Club Cmty. Ass’n, Inc. v. Curtis, 934 So.2d 522, 2005 WL 2993845 (Fla. 3d DCA Nov. 9, 2005)(“the matter is not ripe for consideration”), yet we are today granting the extraordinary remedy of certiorari in the absence of an actual case, a litigant, a factual scenario, or any other indicia of a case or controversy. See Merkle v. Guardianship of Jacoby, 912 So.2d 595, 599 (Fla. 2d DCA 2005)(“Florida’s appellate courts reserve the exercise of judicial power for cases involving actual controversies. With limited exceptions not material here, Florida’s appellate courts are not authorized to issue advisory opinions.”) (citation omitted).
In Cape Canaveral Hosp., Inc. v. Leal, 917 So.2d 336 (Fla. 5th DCA 2005), the court concluded that a petition for certio- *622 rari is premature where a party has simply been ordered to produce allegedly privileged documents for an in camera inspection by stating: “[o]ne essential characteristic of an effective application for relief by way of certiorari is that the threatened harm cannot be undone.” Id. at 340. The threatened harm complained of here — subjecting a defendant to trial without first making a prima facie showing — as allegedly threatened in the interlocutory, advisory order under appeal, may likewise be undone by the trial court when a specific litigant with a specific case comes before the court for trial.
Because we do not have any litigants before us, we cannot determine what has traditionally been considered a threshold issue: standing. See United Auto. Ins. Co. v. Diagnostics of South Florida, Inc., 921 So.2d 23, 25 (Fla. 3d DCA 2006). “To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant.” Id. (citing Godwin v. State, 593 So.2d 211 (Fla.1992)). See also Montgomery v. Department of Health and Rehab. Servs., 468 So.2d 1014 (Fla. 1st DCA 1985).
The majority attempts to justify the lack of a litigant, or the lack of a case or controversy, by quoting from the Fourth Amended Omnibus Order On Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (“Omnibus Order”). That Order specifically states: “[e]ach Defendant may file Master Answers, Affirmative Defenses, and Motions to Dismiss directed to the Plaintiffs’ Master Complaint(s).” I find nothing in the Omnibus Order dispensing with the requirement for motions as a procedure for resolving issues that may come before the court. Likewise, there is nothing in Gallagher v. Fibreboard Corp., 641 So.2d 953 (Fla. 3d DCA 1994), that endorses advisory opinions in the absence of a motion.
Furthermore, I do not believe the trial court’s order does violence to the language of the statute. The majority reasons that, because the statute does not specifically exempt those plaintiffs who already have trial dates, they are therefore included in the application of the statute. Neither the statute nor the majority opinion gives any guidance as to how the trial court should handle the 460 cases that have already been set for trial. Are they automatically off the trial docket, or do they conditionally keep their status, but are prevented from starting the trial until they make their prima facie showing? I assume these cases are not subject to dismissal because the statute addresses those cases that had been filed prior to the effective date of the statute. These litigants are only required to make their showing “at least 30 days before setting a date for trial.” See § 774.205(2), Fla. Stat. (2005). But as the majority has decided to interpret the statute with its advisory opinion, it may want to give further guidance. When should these litigants make their prima facie showing?
Despite the trial court’s finding that the defendant’s interpretation of the statute would cause a judicial log jam, the majority opinion finds, with no record support, that the trial court’s order would “ ‘clog up’ the court’s busy trial docket, limit the access of current and future plaintiffs who make the requisite prima facie showing, and deny those plaintiffs who do make the requisite showing, priority in obtaining a trial setting.” Thus, the majority opinion purports to know what’s best for the trial court as to how to run the asbestos division, despite the fact that Chief Judge Farina has been effectively managing that division for years. In any event, the argument that more resources will be exhaust *623 ed has never been recognized as a proper basis for the extraordinary remedy of cer-tiorari jurisdiction. See Miami Physical Therapy Assocs., Inc. v. Savage, 632 So.2d 114, 115 (Fla. 3d DCA 1994)(stating that “the mere expense and inconvenience of litigation does not constitute harm sufficient to permit certiorari review, even if the order departs from the essential requirements of the law”).
Appellate courts generally defer case management issues to trial judges. I suspect that it is our court that is going to “clog up” the asbestos division by indicating what is a more effective case management interpretation of the statute.
Furthermore, as the trial court’s order succinctly indicates, the defendants’ interpretation was explicitly rejected by legislature when it discarded an earlier draft that required a prima facie showing “at least 30 days before trial.” Thus, I find the majority’s reliance on legislative intent unpersuasive.
I disagree with the majority that Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), lends any support for our advisory opinion. Section 768.72, Florida Statutes (1993), did not attempt to make its application retroactive and there was no ambiguity. The Florida Supreme Court held that section 768.72 created “a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” Globe Newspaper, 658 So.2d at 519 (emphasis added). In my view, it is clear that it is this discovery— the “cat out of the bag” injury recognized in Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995)—that provides the basis for allowing certiorari review. The expense or inconvenience of going to trial, on the other hand, has never been so recognized. See Miami Physical Therapy, 632 So.2d at 115.
I would therefore deny the writ of cer-tiorari.