PER CURIAM.
 

 Appellants appeal an order discharging the personal representative and orders compelling reimbursement of estate assets. Because the estate was probated pursuant to the terms of a settlement agreement, the enforceability of which is disputed, we reverse.
 

 The decedent passed away in 2005 survived by his wife, who passed away shortly thereafter, and the appellee children. Appellants sought to admit into probate a will executed in 2005 pursuant to which appellant Bennett would receive 68% of a profit sharing plan with $2.2 million in assets and the remaining parties would each receive 8%. Appellees challenged the validity of the 2005 will and sought to admit a will executed the previous year under which appellees would receive the decedent’s assets and appellants would receive nothing.
 

 The parties entered into a mediation settlement agreeing to admit the 2005 will into probate, subject to certain modifications, chief of which was an agreement to distribute the profit sharing plan such that appellants would receive a lesser percentage than that provided under the 2005 will and appellees would receive a greater percentage. The court approved the settlement in February 2006. The court vacated the order approving the settlement some seventeen months later when it came to light that the executed settlement was different from the version submitted to the court for approval.
 

 Despite the order vacating the settlement, the estate continued to be probated pursuant to the terms of the settlement. The court entered orders requiring the parties to pay income taxes, accounting fees, and estate expenses pursuant to the terms of the settlement. The court also authorized the personal representative to make distributions from the profit sharing plan in proportion to the parties’ percentages under the settlement. The court ultimately entered an order discharging the personal representative. From these orders, appellants appeal.
 

 Appellants assert that there is no enforceable settlement agreement because the court vacated the order approving the settlement. Appellees argue the court vacated only the order approving the incorrect version of the settlement and that the correct version of the settlement upon which the parties agreed in mediation is valid and enforceable. From the record, it is unclear whether an enforceable settlement agreement exists. Because a factual determination needs to be made, we reverse and remand for an evidentiary hear-
 
 *772
 
 mg on whether the settlement agreement is enforceable and should be accepted; if not enforceable, then the case should proceed to a trial on the merits.
 
 See Barone v. Rogers,
 
 930 So.2d 761 (Fla. 4th DCA 2006) (noting that an evidentiary hearing was required to determine whether there was a meeting of the minds regarding terms of settlement agreement or, if not, whether the disputed term was an essential element such that without assent to the term no contract came into existence);
 
 Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd.,
 
 933 So.2d 732 (Fla. 2d DCA 2006) (remanding for an evidentiary hearing where parties disputed whether a settlement had been reached).
 

 Reversed and remanded for further proceedings.
 

 TAYLOR, GERBER and LEVINE, JJ„ concur.