PER CURIAM.
 

 Petitioners, Jacquelyn Bennett and Bobbi Sue Miller, seek certiorari review of an order directing their former attorney to produce certain documents, for an
 
 in camera
 
 review. For reasons discussed herein, the petition is denied. This is a probate case, the details of which are discussed in depth in two prior opinions from this Court.
 
 See Bennett v. Berges,
 
 32 So.3d 771 (Fla. 4th DCA 2010) (hereinafter
 
 “Bennett I
 
 ”);
 
 Bennett v. Berges,
 
 50 So.3d 1154 (Fla. 4th DCA 2010) (hereinafter
 
 “Bennett II”).
 

 Relevant to this petition, a dispute arose as to the enforceability of a settlement agreement, which determined a 2005 will would be admitted to probate.
 
 Bennett I,
 
 32 So.3d at 771. Because it was unclear whether the settlement agreement was enforceable, this Court reversed and remanded for an evidentiary hearing on that issue.
 
 Id.
 
 at 771-72. Pursuant to
 
 Bennett I,
 
 Respondents filed a motion to determine the validity of the settlement agreement and set the motion for a three-day eviden-tiary hearing.
 

 In connection with the hearing, Respondents subpoenaed Petitioners’ former attorney to produce:
 

 Any and all communications and/or documentation which set forth directions, affirmations, and/or acquiesces (sic) received from Jacquelyn Bennett and/or Bobbi Sue Miller authorizing the presentation to the court of the “agreed upon” Formal Settlement Agreement, Order Requiring the Distributions, Releases and Stipulations for Dismissal, and/or any and all other documents anticipated to be part of same which had been anticipated to be signed by Respondents Jacquelyn Bennett and/or Bobbi Sue Miller on or about May 29, 2008.
 

 In response, Petitioners objected on the grounds that the documents subject to the subpoena were protected by the attorney-client privilege. Respondents then moved for an order compelling the attorney to produce the requested documents.
 

 On November 11, 2010, prior to any hearing, the attorney provided the parties with a letter listing the documents responsive to the subpoena: (1) an April 30, 2008 email from Jacquelyn Bennett to his assistant; (2) a copy of the formal settlement agreement with notations and writing on it; (3) a May 1, 2008 email exchange between Jacquelyn Bennett and himself; (4) a second May 1, 2008 email between Jacquelyn Bennett and himself; (5) a May 8, 2008 email between Jacquelyn Bennett and himself; and (6) a May 13, 2008 email between Jacquelyn Bennett and himself. His letter indicated that he was preserving his privilege assertion.
 

 On November 17, 2010, the trial court heard Respondents’ motion to compel, including the parties’ arguments with respect to whether or not the documents subpoenaed were protected by the attorney-client privilege. At the conclusion of the hearing, the trial court ordered the documents in the attorney’s privilege log to be produced for an
 
 in camera
 
 inspection within ten days. Petitioners seek certiora-ri review of that order.
 

 For certiorari to lie, a petitioner must demonstrate that the trial court departed from the essential requirements of law resulting in material harm of an irreparable nature.
 
 S & I Invs. v. Payless Flea Market, Inc.,
 
 10 So.3d 699, 701 (Fla. 4th DCA 2009);
 
 see also Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). A trial court’s order erroneously compelling discovery of information protected from
 
 *375
 
 discovery by the attorney-client privilege is renewable by certiorari.
 
 S & I Invs.,
 
 10 So.3d at 701;
 
 see also Langston,
 
 655 So.2d at 94. “The basis for allowing certiorari review of certain discovery orders is that discovery of protected material could result in letting the ‘cat out of the bag,’ and injury could result if such information was disclosed.”
 
 Cape Canaveral Hosp., Inc. v. Leal,
 
 917 So.2d 336, 339 (Fla. 5th DCA 2005). When a party is required to turn over protected documents, they are beyond relief.
 
 See Langston,
 
 655 So.2d at 94 n. 2.
 

 If a party seeks to compel the disclosure of documents that the opposing party claims are protected by attorney-client privilege, the party claiming the privilege is entitled to an
 
 in camera
 
 review of the documents by the trial court prior to disclosure.
 
 See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.,
 
 584 So.2d 1128, 1128-29 (Fla. 4th DCA 1991) (finding that where documents may be protected by both the attorney-client privilege and the work-product doctrine, the petitioners are entitled to an
 
 in camera
 
 review of the documents by the trial court prior to disclosure);
 
 see also Nationwide Mut. Fire Ins. Co. v. Hess,
 
 814 So.2d 1240, 1243 (Fla. 5th DCA 2002) (stating that the trial court should have conducted an
 
 in camera
 
 inspection of documents before compelling disclosure when a discovery request, on its face, required disclosure of attorney-client communications);
 
 Zanardi v. Zanardi,
 
 647 So.2d 298, 298 (Fla. 3d DCA 1994) (stating that the petitioner is entitled to an
 
 in camera
 
 review for the trial court to determine whether the assertion of attorney-client privilege is valid).
 

 Here, the trial court properly ordered an
 
 in camera
 
 review of the relevant documents claimed to be privileged. The order does not compel Petitioners to produce the documents to Respondents. After an
 
 in camera
 
 inspection, the trial court may determine that the documents are privileged and uphold Petitioners’ objection to the discovery request. Accordingly, because the order requires a party to submit allegedly protected materials only for an
 
 in camera
 
 inspection, and the trial court may never require disclosure of the documents to the opposing party, we hold that the petition is premature.
 
 See Cape Canaveral,
 
 917 So.2d at 340 (holding cer-tiorari review was premature because no irreparable harm had been demonstrated where the order under review merely required documents to be produced for an
 
 in camera
 
 inspection and no discovery had yet been ordered);
 
 Gaton v. Health Coal., Inc.,
 
 774 So.2d 59 (Fla. 3d DCA 2000) (certiorari review of an order requiring submission of documents allegedly protected by the trade secret privilege to the courts for an
 
 in camera
 
 inspection was premature because no production had been ordered to the opposing party).
 
 But see Cebrian By & Through Cebrian v. Klein,
 
 614 So.2d 1209 (Fla. 4th DCA 1993) (granting a writ of certiorari and quashing an order requiring
 
 in camera
 
 inspection of certain HRS investigation reports because the shield law found in section 415.52(2), Florida Statutes (1990), created a privilege for such reports; thus, an
 
 in camera
 
 inspection was not necessary to determine whether the material was or was not protected).
 

 Whether the trial court has misapprehended the scope of the privilege is a question we need not decide because to date, no discovery has been ordered. Accordingly, the petition is denied.
 

 Petition Denied.
 

 WARNER, POLEN and DAMOORGIAN, JJ., concur.