# Third District Court of Appeal

## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0291
Lower Tribunal No. 22-10-AP-01
_____


**City of Miami Beach,**
Petitioner,

vs.

**Steve Kwartin,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Maria de Jesus Santovenia, and Ramiro C. Areces, Judges.

Ricardo J. Dopico, City Attorney, and Freddi Mack, Senior Assistant City Attorney, for petitioner.

Steven Kwartin, P.A., and Steven Kwartin (Hollywood), in proper person.


Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LINDSEY, J.

The City of Miami Beach petitions this Court for a writ of certiorari quashing the Appellate Division's majority opinion below, which invalidates a portion of the City's Noise Ordinance as unconstitutionally vague. Because it was unnecessary to reach this constitutional issue, we grant the Petition and quash the majority opinion.

In the summer of 2020, Respondent Steven Kwartin received two citations for violating the City's Noise Ordinance, section 46-152 of the Code of the City of Miami Beach.[1]  Kwartin appealed to the Special Magistrate.

---

[1] At issue is section 46-152(b), which in its entirety is as follows:

**Sec. 46-152. - Noises; unnecessary and excessive prohibited.**

It shall be unlawful for any person to make, continue or cause to be made or continued any unreasonably loud, excessive, unnecessary or unusual noise. The following acts, among others, are declared to be unreasonably loud, excessive, unnecessary or unusual noises in violation of this section, but this enumeration shall not be deemed to be exclusive, namely:

. . . .

(b) *Radios, televisions, phonographs, etc.* The using, operating, or permitting to be played, used or operated any radio receiving set, television set, musical instrument, phonograph, or other machine or device for the producing or reproducing of sound in such manner as to disturb the peace, quiet and comfort of the neighboring inhabitants, or at any time with louder volume than is necessary for convenient hearing for the person or persons who are in or on the room, vehicle, vessel, floating structure, or chamber in which such machine or device is operated and who are voluntary listeners thereto. The operation

2

Following an administrative hearing, the Special Magistrate issued two orders upholding the violations. Kwartin then sought review in the Eleventh Judicial Circuit Appellate Division arguing that the entire Noise Ordinance was unconstitutionally vague because it lacked an objective standard. More specifically, Kwartin argued that the City's failure "to adopt a noise ordinance containing specific, scientifically measurable sound levels . . . prevents it from being able to enforce the arbitrary and capricious standards contained in the current [ordinance]."

Following oral argument below, the entire Appellate Division panel agreed that "[n]oise ordinances do not require mathematical precision, nor do they require a decibel reader." Kwartin v. City of Miami Beach, 31 Fla. L. Weekly Supp. 520, 522 (Fla. 11th Cir. Ct. Jan. 22, 2024); see also State v. Catalano, 104 So. 3d 1069, 1076 (Fla. 2012) ("To withstand constitutional scrutiny, however, statutes do not have to set determinate standards or provide mathematical certainty.").

However, a 2-1 majority invalidated the following portion of the Noise Ordinance (in bold):

---

of any such set, instrument, phonograph, machine or device between the hours of 11:00 p.m. and 7:00 a.m. in such manner as to be plainly audible at a distance of 100 feet from the building, structure, vessel, floating structure, or vehicle in which it is located shall be prima facie evidence of a violation of this section.

> The using, operating, or permitting to be played, used or operated any radio receiving set, television set, musical instrument, phonograph, or other machine or device for the producing or reproducing of sound . . . **at any time with louder volume than is necessary for convenient hearing for the person or persons who are in** [or on] **the room, vehicle**[, vessel, floating structure,] **or chamber in which such machine or device is operated and who are voluntary listeners thereto.**

Kwartin, 31 Fla. L. Weekly Supp. at 522 (quoting City of Miami Beach, Fla., Code § 46-152(b)). The City timely filed a Petition for Writ of Certiorari seeking to quash the majority opinion.

Our review of a circuit court appellate decision on review of a final administrative action "is limited to whether the circuit court afforded procedural due process and *whether the circuit court applied the correct law*." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012); see also Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 25:12 (2024 ed.) ("The standard applicable to district court of appeal review by certiorari of an appellate decision of the circuit court on review of final administrative action is expressed in different terms from the standard that generally applies to the issuance of a writ of certiorari. Once a final administrative action has been fully reviewed by the circuit court, the role of the district court of appeal is limited to a determination whether the circuit court afforded procedural due process and applied the correct law.").

It is firmly established that ordinances "enjoy a presumption in favor of constitutionality." Kuvin v. City of Coral Gables, 62 So. 3d 625, 632 (Fla. 3d DCA 2010).  Moreover, it is a settled principle of constitutional law that courts should avoid ruling on constitutional issues "if the case in which the question arises may be effectively disposed of on other grounds." State v. Covington, 392 So. 2d 1321, 1322–23 (Fla. 1981) (quoting Singletary v. State, 322 So. 2d 551, 552 (Fla. 1975)).

Here, it was unnecessary to invalidate a portion of the City's Noise Ordinance because Kwartin's two violations are valid pursuant to the following language, which the entire Appellate Division panel below agreed was constitutional:[2]

> The following acts, among others, are declared to be unreasonably loud, excessive, unnecessary or unusual noises in violation of this section . . . :
>
> (b) *Radios, televisions, phonographs, etc.* The using, operating, or permitting to be played, used or operated any radio receiving set, television set, musical instrument, phonograph, or other machine or device for the producing or reproducing of sound **in such manner as to disturb the peace, quiet and comfort of the neighboring inhabitants** . . . .

City of Miami Beach, Fla., Code § 46-152 (emphasis added).

---

[2] Kwartin did not file a cross-petition challenging this unanimous holding.  We therefore do not address the constitutionality of this language, especially in light of our limited scope of certiorari review.

There is no indication that Kwartin was cited for violating the portion of the Noise Ordinance invalidated below, which prohibits, inter alia, listening to music or playing a musical instrument "with louder volume than is necessary for convenient hearing for the person or persons who are in . . . the room." Id. Indeed, it is undisputed that Kwartin was cited because his neighbor complained about the noise.

Accordingly, because this case could have been decided without invalidating a portion of the City's Noise Ordinance, we grant the Petition and quash the majority opinion.

Petition granted.

LOGUE, C.J., concurring.

The majority below finds part of a noise ordinance enacted by the City of Miami Beach unconstitutionally vague in an opinion that does not contain a statement of facts. The opinion contains no statement of facts because the court below had no factual record before it. In the absence of a record, the majority below was unable to determine if the provision of the noise ordinance it found unconstitutional was at issue in the administrative decisions it was reviewing. It remands to the administrative tribunal apparently to make that determination.

Although the majority opinion below purports to declare part of an ordinance unconstitutional, it adjudicates nothing. It is a classic, indeed a perfect, example of a prohibited advisory opinion. Merkle v. Guardianship of Jacoby, 912 So. 2d 595, 599 (Fla. 2d DCA 2005) ("With limited exceptions not material here, Florida's appellate courts are not authorized to issue advisory opinions."). And an incorrect one to boot. DA Mortg., Inc. v. City of Miami Beach, 486 F.3d 1254, 1272 (11th Cir. 2007) (upholding against vagueness challenge ordinance language identical to language held unconstitutional in the majority opinion below).

7

I concur that it must be quashed. I write only to approve the analysis made by Judge Santovenia in her dissent below which I would adopt in its entirety because it reflects the appropriate restraint that judges must exercise when asked to review the constitutionality of the acts of legislative or executive bodies.