528 So.2d 506 (1988)
TAIL OF THE PUP, INC., Petitioner,
v.
Wayne E. WEBB, Respondent.
No. 88-905.
District Court of Appeal of Florida, Second District.
July 13, 1988.
Charles H. Livingston of Livingston, Patterson & Strickland, P.A., Sarasota, for petitioner.
Diana Weiner of Doyle Group Attys., P.A., Sarasota, for respondent.
PER CURIAM.
Petitioner seeks a writ of certiorari from the trial court's order denying a motion for a protective order from respondent's subpoena duces tecum. We grant the petition.
Respondent and three majority stockholders and directors are the sole owners, officers and directors of petitioner, a corporation. Respondent filed a multiple count complaint against petitioner and the three majority stockholders arising from the corporation's alleged wrongful attempt to rescind his stock and remove him as an officer and director of the corporation.
During the course of the lawsuit, respondent subpoenaed, among other materials, correspondence and memoranda between petitioner and its corporate counsel dated between November 25, 1985 and November 7, 1986. The corporation asserted the lawyer-client privilege as the basis for a protective order. The circuit court found that the lawyer-client privilege did not apply because respondent apparently owned 25% of the corporation's stock and had not been removed as a director during the applicable time period.
The circuit court departed from the essential requirements of law when it determined that the lawyer-client privilege did not apply due to the respondent's status with the corporate petitioner. It is well established that the lawyer-client privilege *507 applies when the client is a corporation. Section 90.502(1)(b), Florida Statutes (1987). In Florida, all corporate powers are exercised by, or under the authority of, the corporation's board of directors. Section 607.111(1), Florida Statutes. The power to exercise the corporate lawyer-client privilege rests with the corporation's management. Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). When the control of a corporation passes to new management, the authority to assert and waive the lawyer-client privilege passes as well. Respondent, in his position as an individual stockholder, officer and director, has no authority to waive or assert the privilege against the wishes of the corporation's board of directors. See Commodity Futures Trading Commission, 471 U.S. at 349, 105 S.Ct. at 1991.
Since material injury not remedial on appeal could result from the disclosure of the privileged materials, we grant the petition for writ of certiorari and vacate that portion of the order which requires divulgence of the correspondence and memoranda between petitioner and its corporate counsel.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.