556 So.2d 518 (1990)
FLORIDA MINING AND MATERIALS CORPORATION and David L. Bracewell, Petitioners,
v.
CONTINENTAL CASUALTY COMPANY, As Subrogee of W. Wade Setliff and A. Kendrick Regnvall, D/B/a Setliff and Regnvall Architects, Respondent.
No. 89-02113.
District Court of Appeal of Florida, Second District.
February 7, 1990.
Neal A. Sivyer and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for petitioners.
John C. Briggs of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for respondent.
PER CURIAM.
Petitioners, Florida Mining and Materials Corporation and David L. Bracewell (hereafter, collectively, Florida Mining), seek certiorari review of an order of the circuit court which requires them to disclose thirteen documents to which they have asserted the attorney-client or work product privilege. We find that the documents, with the exception of one newspaper clipping not contested by Florida Mining, are in fact privileged, and so grant the petition for writ of certiorari.
The petition arises from a claim for subrogation, contribution, and indemnity brought by respondent Continental Casualty Company (Continental). Continental was the insurer for two architects, Sutliff and Regnvall, who designed two buildings for the Polk County School Board and who subsequently were sued for negligence. Florida Mining, a supplier of pre-stressed concrete, was a codefendant in that action based on a claim that their "structural support and connection system" was also negligently designed. The school board settled with the architects in May, 1986. In so doing the school board did not assign to Continental its rights to sue Florida Mining. A separate settlement was reached between Florida Mining and the school board in September, 1986. In November, *519 1987, Florida Mining paid the architects $25,000 in exchange for releases of their claims. The releases included a provision that there were no subrogation rights and have now been asserted as a defense to Continental's claim against Florida Mining.
The contested documents were requested in an effort to determine whether Florida Mining, at the time it obtained releases from the two architects, was aware of Continental's participation in settlement negotiations with the school board  that is, whether Florida Mining knew or should have known of Continental's subrogation rights notwithstanding any disclaimer included within the architects' releases. While such information indeed may be relevant, see, e.g., Ortega v. Motors Insurance Corp., 552 So.2d 1127 (Fla. 3d DCA 1989); National Surety Corp. v. Bimonte, 143 So.2d 709 (Fla. 3d DCA 1962), this relevance does not constitute an exception to the privilege conferred by section 90.502, Florida Statutes (1987). Attorney-client communications are privileged even when the communications arise, as here, in the course of a transaction which itself later becomes the subject of litigation. See, e.g., Skorman v. Hovnanian of Florida, Inc., 382 So.2d 1376 (Fla. 4th DCA 1980).
In its response to the petition for certiorari, Continental notes the recognized exception to the statutory privilege when "[t]he services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew was a crime or fraud." § 90.502(4)(a), Fla. Stat. (1987). Continental, although it has neither brought a cause of action for fraud nor asserted fraud as an affirmative defense to Florida Mining's counterclaim for contractual and common law indemnity, contends that "[w]here the tortfeasor responsible for the loss has knowledge of the settlement by the insurers with the insured, but nevertheless procures a release by settlement with the insured, such release is a fraud on the insurers... ." 16 Couch on Insurance 2d (Rev. Ed.), § 61.201.
To come within the statutory exception, Continental must allege and produce prima facie evidence that petitioners affirmatively sought the advice of counsel to procure a fraud. Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329 (Fla. 3d DCA 1983); Leithauser v. Harrison, 168 So.2d 95 (Fla. 2d DCA 1964). We agree with petitioners that to expand the fraud exception to the extent argued by Continental "would literally eliminate the attorney-client privilege in any suit where there was any allegation of fraud or misrepresentation." Furthermore, petitioners assert, unrebutted by Continental, that the fraud exception has been advanced "for the first time" in these proceedings and was "not argued in the court below."
With regard to the claim of work product privilege, Florida Rule of Civil Procedure 1.280(b)(3) does permit discovery of items "prepared in anticipation of litigation or for trial," but "only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Initially, when Florida Mining objected to Continental's discovery demand, the trial court directed Continental to submit requests for admissions to Florida Mining. In its response Florida Mining admitted that it knew, at the time of obtaining the releases, that the school board suit against the architects "had been settled with the participation of [the architects'] insurance carrier, Continental Casualty Company." Although Continental contends that the responses are unsatisfactory, we agree with Florida Mining that its admissions provide the "substantial equivalent" of the internal memoranda that are the subject of Continental's discovery demand.
The petition for writ of certiorari is granted, the circuit court's "second order on plaintiff's motion to compel production of documents" is quashed, and this case is remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and HALL and THREADGILL, JJ., concur.