638 So.2d 1050 (1994)
SHELL OIL COMPANY, Petitioner,
v.
PAR FOUR PARTNERSHIP, etc., et al., Respondent.
No. 94-661.
District Court of Appeal of Florida, Fifth District.
June 24, 1994.
Mac D. Heavener, III, and Jeffrey R. Jontz of Holland & Knight, Orlando, for petitioner.
Tucker H. Byrd, and James Edward Cheek, III, of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for respondent.
COBB, Judge.
Petitioner, Shell Oil Company, seeks certiorari review of a discovery order compelling production of attorney-client communications. Respondent, Par Four Partnership, filed an action against Shell alleging wrongful termination of a lease agreement. Par Four filed a motion to compel the production of legal correspondence between Shell employees and in-house counsel regarding the subject lease agreement. Following an in camera inspection of the documents in question, the trial court ordered disclosure.
Confidential communications between lawyers and clients are privileged from compelled disclosure to third persons. See section 90.502(2), Florida Statutes (1993). This privilege covers communications on legal matters between corporate counsel and corporate employees. See, e.g., United Serv. Auto. Ass'n v. Crews, 614 So.2d 1213, 1214 (Fla. 4th DCA 1993); Tale of the Pup, Inc. v. Webb, 528 So.2d 506, 507 (Fla. 2d DCA 1988). When communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not. See Florida Mining and Materials Corp. v. Continental Casualty Co., 556 So.2d 518 (Fla. 2d DCA 1990); Leithauser v. Harrison, *1051 168 So.2d 95, 97-98 (Fla. 2d DCA 1964).
The legal correspondence between Shell employees and in-house counsel concerning the lease agreement would presumably be privileged. Par Four, the party seeking discovery, did not meet its burden of showing that the documents were not privileged. Par Four argued that the lawyer-client privilege did not apply because the legal services of in-house counsel were obtained to enable Shell employees to commit or plan to commit a fraud. See section 90.502(4)(a), Florida Statutes (1993). However, Par Four did not produce prima facie evidence that Shell employees sought the advice of counsel to procure a fraud. We therefore grant the petition for writ of certiorari, and quash the order compelling production.
PETITION GRANTED; ORDER QUASHED.
DIAMANTIS, J. concurs.
W. SHARP, J., concurs in result only, without opinion.