711 So.2d 186 (1998)
Joseph N. ROBICHAUD, Petitioner,
v.
Richard KENNEDY, Philippe Dubord, Cal Henderson and The Hillsborough County Sheriff's Office, Respondents.
No. 98-00622.
District Court of Appeal of Florida, Second District.
May 15, 1998.
*187 Henry E. Valenzuela of Henry E. Valenzuela, P.A., Tampa, for Petitioner.
E. Michael Gillick of Gillick & Wenner, Tampa, for Respondents.
PER CURIAM.
Joseph Robichaud petitions this court for certiorari review of an order of the circuit court which requires the public defender to divulge confidential information exchanged between an assistant public defender and Robichaud, a former client in a criminal case. Certiorari is the appropriate avenue to challenge a trial court order directing the disclosure of communications presumptively covered by the attorney-client privilege. See Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DCA 1994). The circuit court's order departs from the essential requirements of law for which no adequate remedy exists on plenary appeal; we grant the petition and quash the subject order.
After a jury convicted Robichaud of drug offenses, this court on direct appeal vacated the convictions and determined as a matter of law that law enforcement had entrapped Robichaud into committing the crimes of which he was convicted. See Robichaud v. State, 658 So.2d 166 (Fla. 2d DCA 1995). Thereafter Robichaud instituted a civil lawsuit against the Hillsborough County Sheriff, Richard Kennedy, and Philippe Dubord for civil rights deprivations and torts arising from his arrest and prosecution. The disclosure in this civil action of confidential communications between Robichaud and his former criminal defense attorney is the subject of this certiorari petition.
This court in Robichaud detailed the unrefuted testimony at the criminal trial which demonstrated the extreme measures to which the sheriff's confidential informant resorted in order to persuade Robichaud to engage in these drug transactions. These included threats of retribution from organized crime figures and the promise of provision for work and shelter necessitated by Robichaud's eviction from the informant's mobile home for refusing to assist in the procurement of illegal drugs. It is within the backdrop of these facts that Kennedy and Dubord, the sheriff's civil codefendants, explain the necessity of obtaining from the public defender the substance of communications between the former criminal defense attorney and Robichaud.
Kennedy and Dubord concede that the filing of this civil action growing out of the criminal prosecution does not itself operate to waive any attorney-client privilege which resulted from Robichaud's criminal defense. *188 Instead they advance the remarkable argument that Robichaud's uncontradicted trial testimonywhich resulted in his eventual acquittal as a matter of law by this courtwas a fabrication concocted by him as a consequence of conversations with his former criminal defense attorney, in furtherance of a fraud (upon the criminal court) and the commission of a crime (perjury during the criminal trial). To this end they rely on this exception to the attorney-client privilege: "There is no lawyer-client privilege under this section when ... [t]he services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew was a crime or fraud." § 90.502(4), Fla. Stat. (1995).
To meet this statutory exception, Kennedy and Dubord must allege and produce prima facie evidence that Robichaud affirmatively sought the advice of counsel to procure a fraud. See Florida Mining & Materials Corp. v. Continental Cas. Co., 556 So.2d 518, 519 (Fla. 2d DCA 1990); see also Shell Oil Co., 638 So.2d at 1050 (holding that "[w]hen communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not"). Expansion of this exception to permit the disclosure of attorney-client communications based upon a mere assertion of a fraudulent design, which is all that our available record suggests, would virtually eliminate the attorney-client privilege in any suit where there was any allegation of fraud or misrepresentation. See Florida Mining, 556 So.2d at 519.
Kennedy and Dubord allege in their response to the petition for writ of certiorari that Robichaud "used his communications with the public defender's office for the purpose of getting advice for his future commission of a fraud or crime" and that these confidential communications resulted in his "tailored testimony" in the criminal trial. They point to no evidentiary basis in support of this proposition presented to the trial court, and rely instead in defense of the trial court's order upon conclusory accusations of criminal conduct on the part of Robichaud, while not disclaiming criminal complicity as well on the part of former defense counsel. With nothing before this court but these extraordinary allegations, we have no choice but to determine that the trial court's order requiring disclosure of communications presumptively protected by the attorney-client privilege departed from the essential requirements of law.
Certiorari granted and the order of the trial court requiring disclosure of attorney-client communications quashed.
CAMPBELL, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.