846 So.2d 664 (2003)
Richard W. JENNEY, Petitioner,
v.
AIRDATA WIMAN, INC., Respondent.
No. 2D02-3734.
District Court of Appeal of Florida, Second District.
June 4, 2003.
*665 Jon D. Parrish of Parrish, White, Lawhon & Adler, P.A., Naples, for Petitioner.
John D. Kehoe and Louis D. D'Agostino of Cheffy Passidomo Wilson & Johnson, LLP, Naples, for Respondent.
STRINGER, Judge.
Richard Jenney seeks certiorari review of the trial court's order compelling disclosure of certain communications that Jenney claims are protected by the attorney-client privilege. We grant the petition in part and deny it in part.
Jenney sued Airdata Wiman, Inc. (Airdata), his former employer, seeking to obtain certain benefits allegedly due him under an employment agreement between the parties. As one of its affirmative defenses, *666 Airdata contended that a provision in a subsequent retirement agreement between the parties rescinded and superseded the terms of the employment agreement. In reply, Jenney contended that the rescission provision of the retirement agreement was never intended to affect benefits he had already earned under the employment agreement.
During discovery, Airdata questioned Jenney about what he intended by the rescission provision of the retirement agreement. After Jenney testified that he had discussed his intent on this issue with the attorney who represented him during the negotiation of the retirement agreement, Airdata sought to depose that attorney.[1] Airdata specifically sought to question Jenney's former attorney about whether he and Jenney discussed the vested benefits under the employment agreement during the negotiation of the retirement agreement and, if so, what the content of those discussions was. In addition, Airdata sought certain documents from Jenney's former attorney pertaining to the negotiation of the retirement agreement.
Jenney objected to these questions and discovery requests on the grounds of attorney-client privilege. Airdata then filed a motion to compel, arguing that some of the requested communications were not protected by the attorney-client privilege and that Jenney had waived his right to assert the attorney-client privilege as to other communications. After a hearing on the matter, the trial court granted Airdata's motion to compel and ordered Jenney's former attorney to do the following:
(1) answer at the continuation of his deposition questions 1 through 12 that appear in paragraph 17 of the defendant's motion to compel;
(2) produce to defendant at the continuation of his deposition any copies of the Employment Agreement given by RICHARD JENNEY to Robert C. Zundel, Jr., or others at Bond, Schoeneck & King, P.A.;
(3) produce to defendant at the continuation of his deposition all drafts of the Jenney Retirement Agreement that were received by Bond, Schoeneck & King, P.A. from third parties or which were shown by Bond, Schoeneck & King, P.A. to third parties or which were delivered to Bond, Schoeneck & King, P.A. by RICHARD JENNEY after being received by him from third parties;
(4) produce to defendant at the continuation of his deposition all correspondence between Robert C. Zundel, Jr., or any other attorneys at his firm and Mark Greenwood or any other representatives or attorneys of AIRDATA WIMAN, INC.; and
(5) have his law firm's file concerning his law firm's representation of RICHARD JENNEY present with him when his deposition is continued so it is available for his review in responding to questions.
Jenney asserts that all of these communications are protected by the attorney-client privilege. Airdata asserts that the communications are either not protected by the attorney-client privilege or that Jenney has waived the privilege as to these matters. Neither party is entirely correct.
As an initial matter, a petition for certiorari is the proper vehicle by which to review this type of discovery order. See *667 Robichaud v. Kennedy, 711 So.2d 186, 187 (Fla. 2d DCA 1998) ("Certiorari is the appropriate avenue to challenge a trial court order directing the disclosure of communications presumptively covered by the attorney client privilege."). The standard of review is whether the trial court departed from the essential requirements of the law in ordering disclosure, thereby causing irreparable harm to the petitioner. Nat'l Union Fire Ins. Co. v. Fla. Constr., Commerce & Indus. Self Insurers Fund, 720 So.2d 535, 535-36 (Fla. 2d DCA 1998).
Turning to the substance of the petition, the trial court did not depart from the essential requirements of the law in requiring production of the document covered by item (2) because the document is not privileged. The only document covered by item (2) is the employment agreement between Jenney and Airdata. Jenney cannot seriously contend that the employment agreement is protected by the attorney-client privilege because both he and Airdata had copies of the agreement before Jenney retained his former attorney to negotiate the retirement agreement. The fact that Jenney may have given a copy of the employment agreement to the attorney negotiating the retirement agreement does not convert the nonprivileged employment agreement into a privileged document. See Tober v. Sanchez, 417 So.2d 1053, 1055 (Fla. 3d DCA 1982) (holding that a document which is given to an attorney in the course of seeking legal advice is privileged in the hands of the attorney only if it was privileged in the hands of the client); cf. Briggs v. Salcines, 392 So.2d 263, 266 (Fla. 2d DCA 1980) (holding that if documents are privileged in the hands of the client, they retain that privilege when given to an attorney for the purpose of seeking legal advice). Here, the employment agreement was not privileged in Jenney's hands. Therefore, it is not privileged in his former attorney's hands. Jenney does not contend that there are notes or other writings that would be covered by attorney-client privilege or work product privilege on any copy of the employment agreement held by his former attorney. Therefore, the trial court did not depart from the essential requirements of the law in requiring production of this document.
Similarly, the documents covered by items (3) and (4) of the trial court's order are, by definition, not protected by the attorney-client privilege. The attorney-client privilege protects only confidential communications between a lawyer and client. § 90.502(2), Fla. Stat. (2000). A communication is "confidential" if it is not intended to be disclosed to third persons. § 90.502(1)(c), Fla. Stat. (2000). By the clear terms of the trial court's order, the only documents that must be produced in response to items (3) and (4) are those that have already been disclosed to third parties. Therefore, the documents do not meet the definition of "confidential" communications and are not subject to the attorney-client privilege. Accordingly, the trial court did not depart from the essential requirements of the law in ordering their production.
As to the item covered by item (5) of the trial court's order, there is no violation of the attorney-client privilege because no production is required. The order does not require the disclosure of privileged communications. Rather, the order requires only that the law firm's file be available to Jenney's former attorney at the continuation of his deposition. Because the order does not require disclosure of privileged communications, the trial court did not depart from the essential requirements of the law in requiring the presence of the file at the deposition.
*668 As to the communications covered by item (1), however, the trial court did depart from the essential requirements of the law in ordering disclosure. Under this item, the trial court allowed Airdata to question Jenney's former attorney about his communications with Jenney during the negotiation of the retirement agreement and specifically about Jenney's intent in negotiating certain terms of that agreement, finding that Jenney had waived any attorney-client privilege as to these communications. We do not address whether the individual questions asked are covered by the attorney-client privilege because Airdata did not raise that issue in the trial court. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981) (holding that a party may not raise an issue for the first time on appeal); Mendelson v. Great Western Bank, F.S.B., 712 So.2d 1194, 1197 (Fla. 2d DCA 1998) (holding that an appellate court cannot address on appeal an issue never ruled upon by the trial court). Rather, we address only the issue of whether Jenney waived any attorney-client privilege he might have had as to these questions as that was the only issue decided by the trial court.
Airdata contends that Jenney waived the privilege as to these communications under the "sword and shield doctrine" because Jenney injected the issue of the parties' intent into the litigation. Airdata is correct that Jenney raised the issue of intent. However, the simple fact that Jenney raised the issue is not sufficient to waive his attorney-client privilege. Under the sword and shield doctrine, a party who raises a claim that will necessarily require proof by way of a privileged communication cannot insist that the communication is privileged. Savino v. Luciano, 92 So.2d 817, 819 (Fla.1957). However, nothing about Jenney's claim or defense requires him to resort to proof by way of a privileged communication. Resolution of the dispute in this case depends, in part, on Jenney's intent and Airdata's intent in negotiating the retirement agreement. However, what Jenney told his attorney about his intent is not necessary to prove Jenney's case. Jenney may testify to his intent himself. Therefore, because Jenney's claim does not necessarily require proof through his conversations with his attorney, the sword and shield doctrine does not apply to waive his attorney-client privilege. Cf. Long v. Murphy, 663 So.2d 1370 (Fla. 5th DCA 1995) (rejecting application of the sword and shield doctrine to waive attorney-client privilege because the plaintiff could rely on his own testimony and cross-examination of the defendants to prove his case and thus had no need to use privileged communications with his attorneys to establish his claims).
Moreover, attorney-client privilege is not waived simply because the credibility of Jenney's statements concerning his intent could possibly be impeached by his communications with his former attorney. See Cuillo v. Cuillo, 621 So.2d 460 (Fla. 4th DCA 1993) (holding that the former wife did not waive her attorney-client privilege simply because the credibility of her claim that she relied on her husband's representations could be impeached by deposing her former attorney). Were this court to hold otherwise, it would essentially create a "credibility exception" to the attorney-client privilege that would swallow the entire rule. We decline to create such an exception.
Airdata also contends that Jenney waived his attorney-client privilege when his attorney failed to make timely objections to questions that it alleged sought privileged communications. This argument has no merit for two reasons. First, many of the questions Airdata asked did not seek confidential communications. *669 Therefore, no objection was necessary to preserve the privilege. Second, Jenney's current attorney did make timely objections to those questions actually seeking confidential communications. The fact that Jenney's attorney had to interrupt him to make the objection is not sufficient to establish a waiver. Because the objections were made as soon as the confidential nature of the communication became apparent, Jenney did not waive the privilege. Cf. Gen. Motors Corp. v. McGee, 837 So.2d 1010 (Fla. 4th DCA 2002) (holding that the inadvertent disclosure of a privileged document does not waive the attorney-client privilege if attorney took all reasonable steps to avoid disclosure and asserted the privilege as soon as the disclosure became known); Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276 (Fla. 3d DCA 1997) (same).
Because Jenney did not waive the privilege as to his communications with his former attorney, the trial court departed from the essential requirements of the law in ordering disclosure of the communications sought in item (1) of the trial court's order. Therefore, we grant Jenney's petition as to those communications. We deny the petition as to the remainder of the documents covered by the order.
Petition granted in part and denied in part.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] The attorney representing Jenney in this appeal did not represent him during negotiation of the retirement agreement.