EVANDER, J.
Petitioner, Iris Montanez, seeks certio-rari review of an order compelling discovery. Because the order improperly required Montanez to produce privileged attorney-client communications, we grant the petition.
Montanez filed a negligence action against Respondent, Publix Super Markets, Inc., alleging that on June 1, 2011, she suffered serious bodily injury as the result of a slip and fall on a large puddle of water at a Publix store located in Lake County, Florida.
As part of the discovery process, Publix served a set of interrogatories on Monta-nez. The answers to interrogatories were signed by Montanez and verified as being “true and correct to the best of his/her knowledge.” Interrogatory 10(c) read and was answered as follows:
Interrogatory:
10. Please provide a detailed explanation of the following:
[[Image here]]
(c) Provide all facts which form the basis for the allegations within your Complaint that Defendant knew a *512 dangerous condition existed on the premises.
Answer:
Defendant’s responsibility is to maintain premises safe for the public. The liquid had been on the floor long enough that defendant should have discovered it.
At her subsequent deposition, Montanez was asked about her answer to interrogatory 10(c). She responded that although she had signed the answers to interrogatories, the listed answer to interrogatory 10(c) had not been provided by her. She went on to testify that she did not know the length of time that the puddle of water had been present prior to her slip and fall.
Thereafter, Publix served a request to produce, seeking Montanez’ original, handwritten responses to Publix’s interrogatories. Montanez objected to production of the handwritten answers on the grounds that the requested information was protected by the attorney-client privilege. At the hearing on Montanez’ objection, her counsel advised the court that he had “helped” Montanez with her answer to interrogatory 10(c) and that Montanez was not the one who had “come up with that phraseology.” Counsel’s representation was consistent with Montanez’ answer to interrogatory number one in which she had listed her attorney and herself as the individuals answering the interrogatories.
The trial court concluded that Publix was entitled to see the document containing Montanez’ draft answers because she had revealed and placed her answers at issue during her deposition. The trial court recognized that attorney-client communications other than Montanez’ factual answers might be included in the document and indicated that it would give Mon-tanez’ counsel ten days to identify any such communications, which the court could then review in camera to determine whether any information contained in the document, other than the specific handwritten responses to the interrogatories, would be privileged. When Montanez filed a blanket privilege log asserting that the entire document was privileged, the trial court entered an order compelling its production. It is from this order that Monta-nez has sought review.
Certiorari review is appropriate where a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on plenary appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). An order that erroneously compels a party to produce privileged information is a classic example of a discovery order subject to certiorari review because the harm caused by the disclosure of privileged information is irreparable. Id.
Montanez correctly argues that the handwritten draft answers to interrogatories she delivered to her attorney were privileged attorney-client communications. Section 90.502(l)(e), Florida Statutes (2012), provides generally that a communication between a lawyer and a client is “confidential” if it is not intended to be disclosed to third persons. Although signed and verified answers to interrogatories served on an opposing party are obviously intended to be disclosed to a third person, we reject Publix’s suggestion that a client’s unsigned and unverified draft answers,- submitted directly to that client’s lawyer for review, are likewise intended to be disclosed to others. Indeed, an attorney’s role will often include assisting a client in the preparation of interrogatory answers, so as to best advance the client’s interest while complying with all applicable legal and ethical requirements.
We also reject Publix’s argument that Montanez waived the attorney-client *513 privilege by stating that the response to paragraph 10(c) set forth in her answers to interrogatories was not “her” answer. At no time in her deposition did Montanez disclose her communications with her attorney regarding the preparation of her answers to interrogatories other than to indicate that the answer she had prepared to interrogatory 10(c) was different than the one served on Publix.[1] We would further observe that interrogatory 10(c) did not require an answer based solely on matters within Montanez’ personal knowledge. Indeed, the question called for Montanez to “provide all facts which form the basis for the allegations within your Complaint....” See also Fla. R. Civ. P. 1.340(b) (“An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party.”). Thus, contrary to Publix’ argument to the trial court, Montanez’ interrogatory answer was not necessarily inconsistent with her deposition testimony.
The trial court’s order compelling Mon-tanez to produce her original handwritten responses to Publix’s interrogatories constituted a departure from the essential requirements of law causing material injury for which there was no adequate remedy at law. Accordingly, we grant Monta-nez’ petition and quash paragraph 3 of the trial court’s order dated October 4, 2013.
PETITION FOR WRIT OF CERTIO-RARI GRANTED.
TORPY, C.J. and PALMER, J., concur.

. Even if a waiver of the attorney-client privilege could be found with regard to the answer to interrogatory 10(c), that waiver should not have been found to apply to Montanez’ answers to the other interrogatories.