# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2825

_____

OTIS ELEVATOR COMPANY, a
Connecticut For Profit
Corporation, COASTAL ELEVATOR
SERVICE CORP., a Florida For
Profit Corporation, LOUIS CARL
DEVINCENTIS, individually and
as an employee of Otis Elevator
Company, JAMES DUDA,
individually and as an employee
of Otis Elevator Company,
DANIEL HUNTER, individually
and as an employee of Otis
Elevator Company, and ROBERT
MOWREY, individually and as an
employee of Otis Elevator
Company,

     Petitioners,

     v.

CATHERINE CRAIG-MYERS,
individually and as personal
representative of the Estate of
Robert Myers,

     Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

February 28, 2019

PER CURIAM.

DENIED.

B.L. THOMAS, C.J., and ROBERTS, J., concur; OSTERHAUS, J., concurs with opinion.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

OSTERHAUS, J., concurring.

Petitioners mount a convincing argument that Respondent provided no evidence establishing a prima facie case for the application of the crime-fraud exception. They are correct that before a trial court reviews attorney-client communications in camera to determine whether the crime-fraud exception applies, it must first determine that the party invoking the exception has presented evidence establishing such a prima facie case. *See First Union Nat'l Bank v. Turney*, 824 So. 2d 172, 183 (Fla. 1st DCA 2001), *reh'g denied* (Jan. 17, 2002); *see also Butler, Pappas, Weihmuller, Katz, Craig, LLP v. Coral Reef of Key Biscayne Developers, Inc.*, 873 So. 2d 339, 342 (Fla. 3d DCA 2003); *First Union Nat'l Bank of Fla. v. Whitener*, 715 So. 2d 979, 982 (Fla. 5th DCA 1998). Here, there was no evidence of an attorney's advice being sought to aid the client's crime or fraud. And so, in camera review of the privileged documents should not have been ordered. *See Fla. Mining & Materials Corp. v. Cont'l Cas. Co.*, 556 So. 2d 518, 519 (Fla. 2d DCA 1990) (holding that a party "must allege and produce prima facie evidence that petitioners affirmatively sought the advice of counsel to procure a fraud" and declaring that a ruling that evidence of fraud itself suffices "would literally eliminate the attorney-client privilege in any suit where there was any allegation of fraud or misrepresentation").

2

In spite of this apparent error, however, certiorari relief is not available right now to fix it. Because the trial court has not ordered anything to be disclosed to Respondent, nor determined if Respondent or her counsel will ever see any of the privileged documents, certiorari relief is premature. *See Poston v. Wiggins,* 112 So. 3d 783, 786 (Fla. 1st DCA 2013) (citing *Cape Canaveral Hosp., Inc. v. Leal*, 917 So. 2d 336, 339-40 (Fla. 5th DCA 2005) (denying as premature a certiorari petition seeking review of an order requiring the submission of documents for an in camera inspection)).

_____

Kenneth B. Bell and Lauren V. Purdy of Gunster Yoakley & Stewart, P.A., Tallahassee, for Petitioners.

Philip J. Padovano of Brannock & Humphries, Tallahassee, and Maegen Peek Luka of Brannock & Humphries, Tampa; Sidney L. Matthew of Sidney L. Matthew, P.A., Tallahassee, for Respondent.