NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOAQUIN DOMINGUEZ )
and CARMEN DOMINGUEZ, )
)
Petitioners, )
)
v. ) Case No. 2D18-768
)
CITIZENS PROPERTY )
INSURANCE CORPORATION, )
)
Respondent. )
_____ )

Opinion filed April 24, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Gregory
Holder, Judge.

Steven E. Gurian and Anthony M. Lopez
of Marin Eljaiek, Lopez, & Martinez P.L.,
Coconut Grove, for Petitioners.

J. Pablo Cáceres of Butler,
Weihmuller, Katz, Craig, LLP, Tampa,
for Respondent.


ATKINSON, Judge.

Joaquin and Carmen Dominguez seek certiorari review of two nonfinal

orders partially denying their motions for protective order and objections to the

subpoenas duces tecum directed to (1) the legal assistant and (2) the records'

custodian of the law firm that they retained as counsel. Concerning the first order, the

trial court departed from the essential requirements of the law by finding that the homeowners waived their attorney-client privilege when the legal assistant contacted their insurer, Citizens Property Insurance Corporation, to report the claim. With respect to the second order, the trial court departed from the essential requirements of the law by failing to conduct an in camera inspection of the purportedly privileged documents prior to ordering their production. As such, we must grant the writ of certiorari and quash these portions of the orders.

## Background

The homeowners filed suit against Citizens seeking money damages for breach of an insurance contract and a declaratory judgment that the insurance policy covered their property loss. Before contacting Citizens about water damage sustained on a property that they lease to a third party, the homeowners retained counsel. One of the firm's legal assistants contacted Citizens to report the loss. Citizens made a determination that the loss was not covered under the policy. The homeowners subsequently filed suit.

During the course of discovery, Citizens filed and served a subpoena duces tecum with deposition on the legal assistant who had first reported the homeowners' loss. It also filed and served a subpoena duces tecum without deposition on the records custodian for the law firm. As a result, the homeowners filed two motions for protective order and objections to subpoena duces tecum, in which they claimed that the information sought by Citizens was not discoverable pursuant to the attorney-client and/or work-product privileges.

The trial court denied these motions in part. In its written order, the court concluded that "there was a waiver with respect to some attorney client

communications" and permitted Citizens to depose the legal assistant concerning limited topic areas: why she told Citizens there was water damage at the covered premises; where she obtained the facts concerning the water damage; and the dates on which she obtained those facts. It also denied, in whole or in part, the motion to quash the subpoena duces tecum as to three of Citizens' requests: (1) the firm's papers or electronic records regarding the subject property or the loss pre-lawsuit; (2) paper or electronic records relating to communications between the legal assistant and the homeowners regarding the September 22, 2016, loss except those regarding compensation; and (3) paper or electronic records provided to the legal assistant and the firm by the homeowners or any of their representatives prior to the lawsuit being filed.

In a separate order, the trial court directed the firm's records' custodian to produce some of the documents sought by Citizens: (1) documents relating to communications between the firm and the homeowners regarding the September 2, 2016, loss, including the initial referral of the claim and facts regarding the claim; and (2) documents generated or created by the firm regarding the loss or the subject property prior to the lawsuit being filed except those regarding compensation.[1] Upon denial of their motions, the homeowners sought certiorari review of these nonfinal orders.

Certiorari review is the proper vehicle to challenge nonfinal orders directing the disclosure of communications presumptively covered by the attorney-client privilege. See Robichaud v. Kennedy, 711 So. 2d 186, 187 (Fla. 2d DCA 1998) (citing

---

[1]In the written order, the trial court granted portions of the motion to quash the subpoena duces tecum relating to requests that could be obtained directly from third parties. These portions of the order are not the subject of this appeal.

- 3 -

Shell Oil Co. v. Par Four P'ship, 638 So. 2d 1050, 1050 (Fla. 5th DCA 1994)); see also Montanez v. Publix Super Mkts., Inc., 135 So. 3d 510, 512 (Fla. 5th DCA 2014) ("An order that erroneously compels a party to produce privileged information is a classic example of a discovery order subject to certiorari review because the harm caused by the disclosure of privileged information is irreparable." (citing Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995))). To establish entitlement to a writ of certiorari, "a petitioner must demonstrate that the order constitutes a departure from the essential requirements of the law and results in material injury for the remainder of the case that cannot be corrected on appeal." Paton v. GEICO Gen. Ins. Co., 190 So. 3d 1047, 1052 (Fla. 2016).

Here, the trial court departed from the essential requirements of the law in two ways: (1) by ordering the production of documents responsive to requests that appear on their face to potentially invade the attorney-client or work-product privileges without first conducting an in camera inspection and (2) by finding that the homeowners had waived their attorney-client privilege.

To the extent that Citizens sought documents relating to communications between the firm and the homeowners regarding the loss, this is an attempt to invade the attorney-client privilege on its face. The trial court erred by ordering the production of these documents without first conducting an in camera review of the documents responsive to this request to determine whether the attorney-client privilege applied. See AG Beaumont 1, LLC v. Wells Fargo Bank, N.A., 160 So. 3d 510, 511 (Fla. 2d DCA 2015); Patrowicz v. Wolff, 110 So. 3d 973, 974 (Fla. 2d DCA 2013) ("A party claiming that documents sought by an opposing party are protected by the attorney-client

- 4 -

privilege is entitled to have those documents reviewed in camera by the trial court prior to their disclosure."  (citing Bennett v. Berges, 84 So. 3d 373, 375 (Fla. 4th DCA 2012))); Nationwide Mut. Fire Ins. Co. v. Hess, 814 So. 2d 1240, 1243 (Fla. 5th DCA 2002) (holding that the trial court erred by failing to conduct an in camera inspection before ordering the production of documents pursuant to a request that sought attorney-client communications on its face).

The trial court also departed from the essential requirements of the law in ordering the production of documents generated or created by the firm before reviewing the documents responsive to that request to determine whether they were the firm's work product.  The phrase "generated or created by the firm" provides for the production of documents that may disclose the mental impressions of the homeowners' counsel.  This type of "opinion work product is generally afforded absolute immunity" since "proper representation demands that counsel be able to assemble information and plan her strategy without undue interference."  Acevedo v. Doctors Hosp., Inc., 68 So. 3d 949, 953 (Fla. 3d DCA 2011); accord State v. Rabin, 495 So. 2d 257, 263 (Fla. 3d DCA 1986) ("The protection of an attorney's mental process is essential to the proper functioning of the adversary system.").

Unlike the order relating to the records' custodian, the order directed toward the subpoena duces tecum to the firm's legal assistant does not actually order the production of documents; it merely denies, in part, the motion for protective order and objection.[2]  Under the circumstances of this case in its current procedural posture,

---

[2]Florida Rule of Civil Procedure 1.280(c), made applicable through rule 1.410(e), permits, but does not require, the trial court to order "any party or person

we cannot make a determination that the trial court departed from the essential requirements of the law by denying the homeowners' motion for protective order related to these requests. However, the trial court must still conduct an in camera inspection of any of the specific, responsive documents that the homeowners claim are privileged before requiring their production. See generally Genovese v. Provident Life & Accident Ins. Co., 74 So. 3d 1064, 1068 (Fla. 2011) ("Where a claim of privilege is asserted, the trial court should conduct an in-camera inspection to determine whether the sought-after materials are truly protected by the attorney-client privilege."). As to the order relating to the firm's legal assistant, the trial court departed from the essential requirements of the law by concluding that the homeowners had waived the attorney-client privilege merely by having the law firm report the loss. Such a waiver can occur when a party bases its claim on the very matters that it later claims are privileged. See, e.g., Savino v. Luciano, 92 So. 2d 817, 819 (Fla. 1957) (finding an express or implied waiver of accountant-client privilege by seeking an accounting of money due under an employment contract). However, this exception to the general rule that a party does not waive attorney-client privilege merely by bringing or defending a suit only applies "where the party seeking to avoid discovery has injected into the litigation issues going to the very heart of the litigation." Home Ins. Co. v. Advance Mach. Co., 443 So. 2d 165, 168 (Fla. 1st DCA 1983). While this might be the case for some of the putatively privileged communications and information—e.g., those that made their way into the insurance claim that was ultimately submitted to the insurer—this may very well not have been

provide or permit discovery" if it denies the motion for protective order in whole or in part.

true of other communications made by, or information conveyed from, the homeowners to their law firm.

Attorney-client privilege might not apply to facts that were the basis of the homeowners' loss, but what the homeowners said to their law firm is covered, regardless of whether they might have been talking about facts that themselves could be the subject of inquiry during discovery. In other words, the prospect that some or all of the facts discussed by the attorney and the client might ultimately have been included in the insurance claim itself does not vitiate the privilege of what would be otherwise protected communications that relate to those facts. Cf. Jenney v. Airdata Wiman, Inc., 846 So. 2d 664, 668 (Fla. 2d DCA 2003) ("[T]he simple fact that Jenney raised the issue [of intent] is not sufficient to waive his attorney-client privilege.").

Although the homeowners did not automatically waive their privilege by retaining a law firm to report and settle a property insurance claim, this does not mean that they can shield from discovery the underlying facts concerning the property loss. That is, the homeowners cannot tell the law firm facts about the property loss "in confidence," and then refuse to disclose them when Citizens takes their deposition. See Upjohn Co. v. United States, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."); see also Jenney, 846 So. 2d at 668 ("[B]ecause Jenney's claim does not necessarily require proof through his conversations

with his attorney, the sword and shield doctrine does not apply to waive his attorney-client privilege.").[3]

By finding a waiver, the trial court implicitly concluded that the underlying communications were, in fact, privileged. Citizens contends that no privilege attached in the first instance because neither the legal assistant nor the firm were providing legal services by reporting the loss and presenting the claim to Citizens.

The law does not require an all-or-nothing approach to this inquiry. Depending on the circumstances, some functions undertaken by lawyers might constitute the rendering of legal services for the purposes of invoking the attorney-client privilege, even though such function could have been undertaken by a nonlawyer (e.g., negotiating a complex real estate transaction or a collective bargaining agreement). And attorney-client privilege might attach to some communications made in the rendering of legal services, even though the same lawyer might have provided additional nonlegal services related to the same matter. See Skorman v. Hovnanian of Fla., Inc., 382 So. 2d 1376 (Fla. 4th DCA 1980). However, given the available facts and our certiorari standard of review, we cannot reach that question regarding the communications at issue here. This nuanced determination may be better made after the required in camera inspection of the specific documents that the homeowners contend are privileged.

---

[3]The homeowners here have not sought to avoid discovery of the facts underlying the property loss. In fact, at the time it served the two subpoenas on the firm and the legal assistant, Citizens had already deposed both homeowners about the source and extent of the water damage.

To the extent that the order partially denying the homeowners' motion for protective order and objection to the subpoena duces tecum directed to the firm's legal assistant finds a waiver of the attorney-client privilege, it is hereby quashed. The other order concerning the subpoena duces tecum directed to the firm's records custodian is also quashed to the extent it requires the production of documents responsive to requests that appear on their face to potentially invade the attorney-client or work-product privileges without first conducting an in camera inspection.

Certiorari granted, trial court order quashed in part, and case remanded.

KELLY[4] and KHOUZAM, J.J., Concur.

---

[4]Judge Kelly has been substituted for Judge Crenshaw, an original panel member in this proceeding. Judge Kelly has viewed a recording of the oral argument.