# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-93
_____

RICHARD MAHONEY, MARGOT
MAHONEY, BRETT W. MARTIN
and JULIE MARTIN,

      Petitioners,

      v.

BLUE MOUNTAIN BEACH MASTER
OWNERS ASSOCIATION, INC.,

      Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

August 30, 2019

JAY, J.

By their petition for writ of certiorari, Plaintiffs/Petitioners seek review of three discovery orders entered by the trial court. Having carefully reviewed all three, we grant certiorari only as to a portion of one of the orders.

In its "Order Granting Defendant's Request for Ruling on Plaintiffs' Discovery Objection and Defendant's Third Motion to Compel," the trial court compels Plaintiffs to "produce all documents responsive to requests 2 through 8 of Defendant's *Second Request for Production to Plaintiffs . . . .*" (Italics in original.) Request number 3 asks for

[a]ny and all correspondence, including written communication, emails, texts, faxed documents, or scanned documents, *between Plaintiffs and Plaintiffs' Counsel*, including interoffice communication within Plaintiffs' Counsel [sic] regarding efforts to notify Expert of trial, coordinate the appearance of Expert at trial, subpoena Expert to compel attendance at trial, or perpetuate the testimony of Expert for use at trial.

(Emphasis added.)

"Certiorari review is the proper vehicle to challenge nonfinal orders directing the disclosure of communications presumptively covered by the attorney-client privilege." *Dominguez v. Citizens Prop. Ins. Corp.*, 269 So. 3d 623, 626 (Fla. 2d DCA 2019). "For certiorari to lie, a petitioner must demonstrate that the trial court departed from the essential requirements of law resulting in material harm of an irreparable nature." *Bennett v. Berges*, 84 So. 3d 373, 374 (Fla. 4th DCA 2012). "An order that erroneously compels a party to produce privileged information is a classic example of a discovery order subject to certiorari review because the harm caused by the disclosure of privileged information is irreparable." *Montanez v. Publix Super Mkts., Inc.*, 135 So. 3d 510, 512 (Fla. 5th DCA 2014) (*citing Allstate Ins., Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995)).

Here, on its face, Defendant's third "request require[s] disclosure of attorney-client communications. Therefore, the trial court should not have ordered production of th[ose] communications without first conducting an in-camera inspection . . . ." *Nationwide Mut. Fire Ins. Co. v. Hess*, 814 So. 2d 1240, 1243 (Fla. 5th DCA 2002) (citing *Shell Oil Co. v. Par Four P'ship*, 638 So. 2d 1050, 1050 (Fla. 5th DCA 1994) (holding that, "when communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not")); *see also Dominguez*, 269 So. 3d at 626 (emphasis in original) ("To the extent that Citizens sought documents relating to communications between the firm and the homeowners regarding the loss, this is an attempt to invade the attorney-client privilege on its face. The trial court erred by ordering the production of these documents without first conducting an in camera review of the

2

documents responsive to this request to determine whether the attorney-client privilege applied.").

The petition for writ of certiorari is GRANTED in part and DENIED in part.

RAY, C.J., and BILBREY, J., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

Daniel W. Uhlfelder of Daniel W. Uhlfelder, P.A., Santa Rosa Beach, for Petitioners.

Benjamin J. Zimmern and Travis A. Bright of Galloway, Johnson, Tompkins, Burr & Smith, PLC, Pensacola, for Respondent.