IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PAPA JOHN'S USA, INC., A FOREIGN PROFIT
CORPORATION, and LORENA GONZALEZ,

   Petitioners,

         Case No.  5D22-716
 v.        LT Case No: 2018-CA-002908-O


PAULA MOORE,

   Respondent.

_____/

Opinion filed July 15, 2022

Petition for Certiorari Review of Order
From the Circuit Court for Orange County,
Kevin B. Weiss, Judge.

Todd R. Ehrenreich, David L. Luck and
Michael J. Ellis of Lewis Brisbois Bisgaard &
Smith, LLP, Coral Gables, for Petitioners.

Brian J. Lee, of Morgan & Morgan,
Jacksonville, for Respondent.

COHEN, J.

  Papa John's USA, Inc. and Lorena Gonzalez, defendants below

(collectively, "Petitioners"), seek certiorari relief from the trial court's order

granting Paula Moore's ("Respondent") motion for sanctions, to compel, and to invoke the rule of sequestration. For the reasons discussed below, we grant the petition and quash the order.

In 2015, Gonzalez, while working as a delivery driver for Papa John's, was involved in an automobile accident with Respondent, who was a passenger in the other vehicle. Thereafter, Respondent filed suit against Petitioners for negligence. In June 2021, Respondent took the deposition of Papa John's corporate representative, Robert Duncan. Duncan testified that, in preparation for his deposition, he had not personally interviewed Gonzalez but instead reviewed her deposition testimony and other relevant materials. On cross-examination, defense counsel sought to elicit from Duncan another reason why he had not personally communicated with Gonzalez prior to his deposition. Duncan explained that he had asked Tai Phetsanghane, defense's co-counsel, to contact Gonzalez on his behalf to gather some additional facts; and after speaking with Phetsanghane, he had no additional questions for Gonzalez.

Plaintiff's counsel then sought to inquire into "everything" that Duncan had discussed with Phetsanghane, to which defense counsel objected based on attorney-client privilege. The deposition was eventually terminated after

the parties could not agree on the scope of any follow-up questioning regarding communications between Duncan and Phetsanghane.

Respondent then filed her motion for sanctions, to compel, and to invoke the rule of sequestration, arguing that defense counsel's questioning of Duncan regarding his communication with Phetsanghane waived the attorney-client privilege and that Duncan's deposition should continue without any objection on that basis. She also sought sanctions for defense counsel's improper instructions not to answer questions on that matter and for unilaterally terminating the deposition. Finally, Respondent sought to sequester attorney Phetsanghane to prevent his communication with Duncan and to depose Phetsanghane at a later date. In response, Petitioners argued that attorney-client privilege was not waived and that Respondent's attempt to delve into the substance of the communications, as opposed to merely the facts learned by Duncan, was prohibited. Petitioners also moved for a protective order against sequestering Phetsanghane, asserting that doing so would be unduly burdensome and deposing him would further intrude on attorney-client privilege.

The trial court granted Respondent's motion, finding that attorney-client privilege had been waived by defense counsel's line of questioning. It ordered Duncan's deposition to continue and permitted Respondent to ask

3

questions regarding what was discussed between Duncan and Phetsanghane, along with any related questions that may follow. The trial court also granted Respondent's request for sequestration, thereby preventing Phetsanghane from attending the continued deposition or from communicating with Duncan in the interim. Finally, the trial court awarded sanctions by ordering Petitioners to pay Respondent's attorney's fees in connection with the motion.

Petitioners timely filed this petition for writ of certiorari, contending the trial court departed from the essential requirements of law by finding that the attorney-client privilege was waived and by permitting Respondent to inquire into the substance of the specific communications between Duncan and Phetsanghane. Petitioners maintain that the proper remedy is to allow Respondent to question Duncan about the underlying factual information that was gathered from that conversation. We agree.

"We will grant certiorari only if Petitioners establish: (1) a departure from the essential requirements of the law; (2) resulting in material injury for the remainder of the trial; (3) that cannot be corrected on post-judgment appeal." Cowan v. Gray, 47 Fla. L. Weekly D274, D274 (Fla. 5th DCA Jan. 21, 2022) (citing State Farm Mut. Auto. Ins. v. Knapp, 234 So. 3d 843, 848 (Fla. 5th DCA 2018)). The order on appeal satisfies the second and third

4

elements, providing us with jurisdiction. Id. ("We first examine the second and third elements to determine our jurisdiction." (citation omitted)); see also Montanez v. Publix Super Mkts., Inc., 135 So. 3d 510, 512 (Fla. 5th DCA 2014) ("An order that erroneously compels a party to produce privileged information is a classic example of a discovery order subject to certiorari review because the harm caused by the disclosure of privileged information is irreparable." (citation omitted)).

The trial court departed from the essential requirements of law by finding that attorney-client privilege had been waived and by granting Respondent broad permission to question Duncan about his communications with Phetsanghane. "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in rendition of legal services to the client." § 90.502(2), Fla. Stat. (2021). However, "A person who has a privilege against disclosure of a confidential matter or communication waives the privilege if the person . . . voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication." § 90.507, Fla. Stat. (2021). Still,

5

> The client does not waive the privilege by testifying generally in the case or testifying as to facts that were the subject of the consultation with his or her attorney, but if the client or attorney testifies as to privileged communications in part, this serves as a waiver as to the remainder of the privileged consultation or consultations about the same subject.

Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 511 (Fla. 2d DCA 2006) (internal quotations omitted) (citation omitted).

A review of the relevant deposition testimony demonstrates that defense counsel did not ask questions of Duncan regarding the substance of the privileged communication, nor did Duncan's answers reveal the same. As such, the attorney-client privilege was not waived. Moreover, the trial court's order permits Respondent to inquire into far more than just the factual information Duncan learned during his communication with Phetsanghane. See Carnival Corp. v. Romero, 710 So. 2d 690, 694 (Fla. 5th DCA 1998) ("Although the communications between an attorney and client are privileged, the underlying facts are discoverable."). We agree with Petitioners that Respondent may inquire into only the factual information Duncan gathered during the communication.

Finally, the trial court's reliance on our decision in Marrero v. Rea, 312 So. 3d 1041 (Fla. 5th DCA 2021), was misplaced. That case involved a scenario in which plaintiff's counsel voluntarily became a witness by filing an

6

affidavit concerning his authority to settle the case, which served as a waiver of attorney-client privilege as to that issue. Id. at 1050–51 ("[T]he trial court failed to apply the concept of waiver of that privilege to the extent Respondent and his attorney had already testified in affidavits to Attorney Panagakis' lack of settlement authority." (citing Lender Processing Servs., Inc. v. Arch Ins. Co., 183 So. 3d 1052, 1062–64 (Fla. 1st DCA 2015) (explaining attorney-client privilege waived when one party challenges settlement by asserting that counsel had no authority to settle))). Those circumstances are clearly not present in the instant case.

Accordingly, we quash the order on appeal because the trial court departed from the essential requirements of law in granting Respondent's motion.[1]

PETITION GRANTED; ORDER QUASHED.

EVANDER, J., concurs.
NARDELLA, J., concurs in part and dissents in part, with opinion.

---

[1] We also quash the remaining portions of the trial court's order on sequestration and sanctions, as those rulings stemmed from its erroneous decision on the attorney-client privilege issue.

NARDELLA, J., concurring in part; dissenting in part.

I join the majority in quashing the trial court's order granting Respondent's motion to compel testimony protected by the attorney-client privilege. Restrained by the limits of certiorari jurisdiction, I would not reach the remaining portions of the trial court's order on sequestration and sanctions.